**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY J. DUGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. 2:11-cv-08145-ODW (SHx)<br><br>**ORDER RE MOTION TO DISMISS [26]** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). (Dkt. No. 26.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

**I.   BACKGROUND**

On the evening of October 3, 2009, Plaintiff went to the residence of his neighbor, Esther Robbins, to help her resolve a dispute she was having with her landlord. (FAC ¶¶ 8–9.) Robbins had informed Plaintiff that Robbins's landlord was physically evicting her—throwing her belongings onto the front lawn—without proper authority and asked Plaintiff for help. (*Id.* ¶ 9.) When Plaintiff arrived at Robbins's home, he joined in the argument between Robbins and her landlord. (*Id.* ¶ 10.) Eventually, Plaintiff told the landlord the argument was getting out of control and he was going to call the police to resolve the issue. (*Id.*) After Plaintiff called the police,

the landlord went to her truck in front of Robbins's home to wait for the police and Plaintiff and Robbins went back into the residence. (*Id.*)

When the deputies[1] arrived at Robbins's home, Plaintiff was sitting on a chair in one of the bedrooms of the residence. (*Id.* ¶ 11.) The deputies first spoke with the landlord out in front of the residence and then approached Robbins, who apparently returned outside, and asked if anyone was inside the house. (*Id.*) Robbins responded that Plaintiff was inside. (*Id.*)

The deputies entered the residence with their guns drawn and moved into the bedroom where Plaintiff was. (*Id.*) Two of the deputies[2] entered the bedroom and ordered Plaintiff to stand up. (*Id.*) Plaintiff did not immediately arise and asked the deputies why he should stand. (*Id.*) The two deputies approached Plaintiff, one standing on either side of him, and again ordered Plaintiff to stand. (*Id.*) Then one of the deputies reached for Plaintiff, who was starting to stand up. (*Id.*) Plaintiff told the deputies that he would stand on his own. (*Id.*) The other deputy took out a can of pepper spray and attempted to spray Plaintiff with it. (*Id.* ¶¶ 11–12.) The deputy partially sprayed Plaintiff but also sprayed the other deputy. (*Id.* ¶ 12.) The deputy with the can of pepper spray then hit Plaintiff in the head with the can, causing a laceration on the side of Plaintiff's forehead. (*Id.*) The two deputies then pushed Plaintiff up against the wall, handcuffed him, and dragged him out of the bedroom on his stomach. (*Id.*)

After being taken to a hospital where he was treated for his injuries, Plaintiff was booked into jail with charges for resisting arrest and making criminal threats. (*Id.* ¶ 14.) Plaintiff remained in jail until October 6, 2009, four days later. (*Id.* ¶ 15.)

///

---

[1] The Court refers to Lieutenant Roberts, Sergeant Gonzales, Sergeant Stanley, Deputy Nance, Deputy Binder, Deputy Roth, and Deputy Abdulfatah collectively as "deputies."

[2] Plaintiff does not specify which two of the deputies entered the bedroom and ultimately arrested Plaintiff.

Eventually, Plaintiff was charged in court with resisting, obstructing, or delaying a peace officer in the performance of his duties, based upon the deputies' reports of the October 3, 2009 incident. (*Id.* ¶ 14.) This charge was ultimately dismissed. (*Id.* ¶ 15.)

On September 30, 2011, Plaintiff filed a complaint against Defendants. (Dkt. No. 1.) Plaintiff subsequently filed a FAC on December 12, 2011. (Dkt. No. 9.) Therein, Plaintiff alleges that Defendants are liable under 42 U.S.C. § 1983 for violating his constitutional rights by arresting him without a warrant or probable cause, using excessive force during the arrest, and maliciously prosecuting him. (FAC ¶¶ 17–19.) Plaintiff also alleges that the County of Los Angeles is liable under § 1983 because the County's unlawful policies, customs, and habits of inadequately hiring, training, disciplining, and supervising its deputies proximately caused Plaintiff's injuries. (*Id.* ¶¶ 24–26.)

Defendants move to dismiss Plaintiff's FAC entirely under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 26.)

## II.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal pleading requirements of Rule 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal under a 12(b)(6) motion can be based on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To overcome a 12(b)(6) motion, a complaint must contain sufficient factual matter that—if accepted as true—states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.*

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   DISCUSSION

Defendants move to dismiss both of Plaintiff's claims for § 1983 liability and to strike Plaintiff's request for punitive damages. The Court considers each in turn.

**A.   First claim: excessive force, unlawful seizure, and malicious prosecution**

Plaintiff's first claim alleges Defendants are liable under 42 U.S.C. § 1983 because they unlawfully arrested him, used excessive force in doing so, and maliciously prosecuted him. (FAC ¶¶ 17–19.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. *Violation of Constitutional right*

The Fourth Amendment guarantees a person the right to be free from unreasonable seizures. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). An unjustified arrest or seizure—one unsupported by probable cause—is per se unreasonable. *United States v. Guzman-Padilla*, 573 F.3d 865, 876 (9th Cir. 2009); *see also Morgan v. Woessner*, 997 F.2d 1244, 1252 (9th Cir. 1993) (explaining that full-scale arrests, or seizures, must be supported by probable cause). The use of excessive force by government actors in the context of an arrest violates a person's Fourth Amendment right to be free from unreasonable seizures. *Guzman-Padilla*, 573 F.3d at 876. The right to be free from unreasonable seizures may also be violated by malicious prosecution.[3] *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004).

Plaintiff avers he was illegally seized because he was merely sitting in a chair in his friend's home—having done nothing illegal—when deputies burst in and arrested him. (FAC ¶¶ 11–12.) As to excessive force, Plaintiff states he complied with the deputies' orders and did not fight back or resist arrest, yet one of the deputies used a can of pepper spray on him and proceeded to hit him in the head with the can, causing a laceration to his forehead. (*Id.* ¶¶ 12–13.) Plaintiff also contends the deputies booked him on false charges, incarcerating him for four days. (*Id.* ¶ 14.) Moreover, he alleges that the deputies filed false police reports, leading to an eighteen-month criminal proceeding against Plaintiff, which ultimately was dismissed. (*Id.* ¶ 15.)

Defendants contend that Plaintiff fails to state a claim because he (1) pleads no facts showing personal involvement by five of the seven deputies; and (2) fails to identify the two deputies who allegedly used excessive force against him. (Opp'n 9.)

---

[3] Plaintiff alleges he suffered malicious prosecution in violation of his Fourth Amendment right against unreasonable seizures *and* his Fourteenth Amendment right to due process of law. (FAC ¶ 18.) No substantive due process right to be free from malicious prosecution exists under the Fourteenth Amendment. *See Awabdy*, 368 F.3d at 1069.

1         As to Defendants' first contention, Plaintiff alleges that Roberts, Gonzales, Stanley, Nance, Binder, Roth, and Abdulfatah each filed a false police report that was subsequently used to criminally prosecute Plaintiff. (*Id.* ¶ 15.) Plaintiff also asserts that all of the deputies acted maliciously. (*Id.* ¶ 22.) If all of the deputies indeed knowingly filed false reports, intending to deprive Plaintiff of his Fourth Amendment rights, then each may be liable under § 1983. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (reversing the lower court's dismissal of a § 1983 claim alleging that the prosecutor and officers conspired to convict plaintiff on groundless charges). Moreover, Plaintiff alleges that all of the deputies unlawfully arrested and booked Plaintiff on false charges. Therefore, Plaintiff pled facts sufficient to show that each of the seven deputies was personally involved in violating Plaintiff's Fourth Amendment rights.

        As to Defendants' second contention, Plaintiff's failure to identify the two arresting officers is not fatal. The purpose of Rule 8(a) is to give defendants fair notice of what the claim is and the grounds supporting it. *Twombly*, 550 U.S. at 555. Plaintiff alleges specifically that two of the deputies entered the room, ordered Plaintiff to stand, assaulted him with pepper spray, and arrested him. (FAC ¶¶ 11– 12.) The only details Plaintiff omitted—something better known by Defendants than by Plaintiff—are the names of the two deputies. Defendants' meritless argument suggests that if a plaintiff did not know the name of the person who violated him, but knew that someone from a small group of people that were present did, the detailed allegation would nonetheless fail the Rule 8 pleading standard. Instead, the Court finds that the FAC properly gives Defendants notice. Discovery will allow Plaintiff to later identity who the two deputies were.

        Construing all of Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently pled that Defendants violated his Constitutional rights.

/ / /

/ / /

### 2. *Color of law*

Acting under color of state law means that the person who allegedly violated the plaintiff's rights executed such violation by exercising power conferred to that person by state law. *West*, 487 U.S. at 49. Plaintiff asserts the Defendants were employees of the County of Los Angeles and the Los Angeles County Sheriff's Department, and that their violations of Plaintiff's Constitutional rights were done under that authority. (*Id.* ¶ 3.) The Court finds this allegation sufficient under the Rule 8 standard.

Thus, the Court finds that Plaintiff's first claim is sufficiently pled and **DENIES** Defendant's motion to dismiss this claim.

## B. Second claim: *Monell* liability

Plaintiff's second claim for *Monell* liability alleges that the County of Los Angeles is liable under § 1983 because it "maintains and implements unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its sheriff's deputies." (FAC ¶ 24.)

A local government cannot be sued under § 1983 for the actions of its employees by way of respondeat superior. *AE v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91 (1978). However, a local government can be sued under § 1983 where that government's "policy or custom" gives rise to the injury. *Id.* A plaintiff must prove that the local government's deliberate conduct was the "moving force" behind the injury alleged. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). That is, the municipal action must have been taken with the requisite degree of culpability and with a direct causal link to the deprivation of the federal right. *See id.*

Plaintiff references no facts to support his bare assertion. Plaintiff merely states conclusions and speculates that the deputies' conduct was a result of the County's acts or omissions. (FAC ¶¶ 24–25.)

/ / /

In the past, Ninth Circuit precedent may have directed this Court to deny dismissal of Plaintiff's bare assertions. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (stating that it is improper to dismiss a *Monell* claim even if it is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice); *see also Shah v. Cnty. of L.A.*, 797 F.2d 743, 747 (9th Cir. 1986) (same). But today, Plaintiff's second claim is insufficient when viewed in light of the Rule 8(a) standard as clarified by *Iqbal*. *Iqbal*, 556 U.S. at 678. The court in *AE* unequivocally held that *Monell* claims are to be judged by the same pleading standard as any other claim. *AE*, 666 F.3d at 637.

Therefore, the Court finds that Plaintiff has failed to state a *Monell* claim against the County of Los Angeles. Plaintiff's second claim is **DISMISSED WITHOUT PREJUDICE**.

### C. Plaintiff's request for punitive damages

Plaintiff requests punitive damages for the Defendants' unlawful acts. Defendants contend that Plaintiff's request is improper and should be stricken because it fails to allege facts giving rise to oppression, fraud, or malice.

Punitive damages may be awarded in a § 1983 claim if the defendant's conduct was malicious, wanton, or oppressive, or involves reckless or callous indifference to another's rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005). Conduct is oppressive when it injures or violates one's rights with "unnecessary harshness or severity as by misuse or abuse of authority or power, or by taking advantage of some weakness or disability or the misfortunes of another person." *Dang*, 422 F.3d at 809.

Plaintiff alleges that he cooperated with the deputies' commands and did not resist arrest. (FAC ¶ 13.) Nevertheless, one of the deputies pepper-sprayed him and then used the can to strike him in the head. (*Id.* ¶ 12.) After handcuffing Plaintiff, the deputies dragged him out of the residence on his stomach. (*Id.* ¶ 13.) Additionally, the deputies booked Plaintiff in jail on false charges and subsequently filed false

police reports. (*Id.* ¶¶ 14–15.) These facts, if found true, could support a conclusion that the deputies misused their authority, acted with unnecessary harshness, or were recklessly indifferent to Plaintiff's rights. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 787 (9th Cir. 2001) ("False arrest, false imprisonment, and malicious prosecution may cause substantial damages, and even lead to punitive damages."); *see also Abudiab v. City of S.F.*, No. CV 09-01778 MHP 2011 U.S. Dist. LEXIS 65015 (N.D. Cal. June 20, 2011) (denying defendant's motion for summary judgment on the issue of punitive damages where a city employee engaged in a shouting match with plaintiff, sprayed him with pepper spray, and punched him once in the back of the head).

Accordingly, the Court **DENIES** Defendants' motion with respect to punitive damages.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion is **DENIED** with respect to Plaintiff's first claim and punitive damages. Plaintiff's second claim for *Monell* liability is **DISMISSED WITH LEAVE TO AMEND**. If so desired, Plaintiff may file an amended complaint by April 23, 2012 solely to correct the deficiencies in the *Monell* claim.

**IT IS SO ORDERED.**

April 9, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE