O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY J. DUGAN, | Case No. 2:11-cv-08145-ODW (SHx) |
|         Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [54]** |
|         v. | |
| COUNTY OF LOS ANGELES, et al., | |
|         Defendants. | |

Pending before the Court is Plaintiff Troy J. Dugan's Motion for leave to file a second amended complaint. (ECF No. 54.) Having considered the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

The last date to amend pleadings was October 19, 2012. Dugan suggests that he recently discovered facts revealing the need to add Lt. Larry Landreth as a defendant. On November 16, 2012, Defendants produced the October 15, 2009 Supervisor's Report on Use of Force, signed by Landreth. Dugan alleges this Report contains a number of factual misstatements. Dugan contends he realized Landreth was responsible for these misstatements, but only after the January 14, 2013 deposition of Sgt. John Stanley, who denied responsibility for the Report. Based on this revelation, Dugan now seeks to add Landreth as a defendant and remove a number of other defendants from the lawsuit.

1   The Federal Rules of Civil Procedure take a liberal position on parties
2   amending pleadings before trial.  Fed. R. Civ. P. 15(a).  But once a district court
3   issues a scheduling and case management order, Rule 15(a)'s generous standard gives
4   way to the more stringent good-cause standard under Rule 16(b)(4).  *Coleman v.*
5   *Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

6   In applying the good-cause standard, a court "primarily considers the diligence
7   of the party seeking the amendment.  The district court may modify the pretrial
8   schedule if it cannot reasonably be met despite the diligence of the party seeking the
9   extension."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)
10   (internal quotation marks omitted).

11   The Court finds two problems with this Motion.  First, this Motion was filed on
12   March 4, 2013, almost two months after the Stanley deposition and over four months
13   after receipt of the Report.  The Court perceives a lack of diligence given this passage
14   of time.  This does not bolster Dugan's Motion.

15   Second, the Court finds no relation between the Report and the alleged
16   malicious prosecution.  The Court agrees with Defendants' assertion that the Report
17   was for administrative purposes and has nothing to do with the prosecution of Dugan.
18   Indeed, Defendants declare that this report was not given to the prosecutor.

19   Accordingly, this Motion is **DENIED**.  Should the parties desire to dismiss
20   certain Defendants from this action, they are advised to file a separate request for
21   dismissal under Federal Rule of Civil Procedure 41(a).

22   **IT IS SO ORDERED.**
23   March 13, 2012
24
25   _____
26   **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**
27
28