1  TODD W. BURNS (SBN 194937)
   todd@burnsandcohan.com
2  GABRIEL L. COHAN  (SBN 259449)
   gabriel@burnsandcohan.com
3  Burns & Cohan, Attorneys at Law
   444 West C Street, Suite 410
4  San Diego, California  92101
   Telephone:  (619) 236-0244
5  Facsimile:  (619) 768-0333

6  Attorneys for Plaintiff Troy J. Dugan

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10 TROY J. DUGAN,                    )    Case No. CV11-8145 ODW (SHx)
                                     )
11              Plaintiff,           )
                                     )    PLAINTIFF'S DISPUTED
12       vs.                         )    JURY INSTRUCTIONS
                                     )
13 CHRISTOPHER NANCE, et al.         )
                                     )    Hon. Otis D. Wright, Judge Presiding
14              Defendants.          )
                                     )    Pre-Trial Conf.:    April 29, 2013
15                                   )    Trial Date:         May 21, 2013
                                     )
16 _____ )

17       Plaintiff  Troy  Dugan  proposes  that  the  Court  give  the  following  jury

18 instructions, which the Defendants oppose.  Following each proposed instruction is

19 a statement by the Defendants indicating why they oppose the instruction, and a

20 statement by the Plaintiff responding.

21                            Respectfully submitted,

22

23

24 DATED:  April 22, 2013          /s/ Todd W. Burns_____
                                  TODD W. BURNS
25                                GABRIEL L. COHAN
                                  Counsel for Plaintiff Troy J. Dugan
26

27

28

# INDEX TO PLAINTIFF'S PROPOSED INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1 | Different Legal Rights | 9th Cir. 1.5 | 3 |
| 2 | Credibility of Law Enforcement Witnesses | *Darbin v. Nourse,* 664 F.2d 1109 (9th Cir. 1981) | 5 |
| 3 | Adverse Inference | *Glover v. Bic Corp.,* 6 F.3d 1318 (9th Cir. 1993), And other cited cases | 7 |
| 4 | Impeachment Evidence – Witness | 9th Cir. 2.8 | 10 |
| 5 | Section 1983 Claim – Introductory Instruction | 9th Cir. 9.1 (Modified) | 12 |
| 6 | Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof | 9th Cir. 9.2 (Modified) | 16 |
| 7 | Causation | 9th Cir. 9.8 (Modified) | 20 |
| 8 | Segue to Instructions on Specific Claims | | 23 |
| 9 | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally | 9th Cir. 9.18 (Modified), and cited cases | 25-26 |
| 10 | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Probable Cause for Arrest | 9th Cir. 9.20 (Modified), and cited cases | 30 |
| 11 | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force | 9th Cir. 9.22 (Modified), and cited cases | 35 |
| 12 | Malicious Prosecution | *Awabdy v. City of Adelanto,* 368 F.3d 1062 (9th Cir. 2004), and other cited cases | 38 |
| 13 | Duty to Intervene | *United States v. Koon,* 34 F.3d 1416 (9th Cir. 1994) | 42 |

2

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**

You should decide the case as to each defendant, and each claim, separately. Unless otherwise stated, the instructions apply to all parties.

**Defendants' Objection to Plaintiff's Proposed Instruction No. 1:**

Defendants object to adding "and each claim" to the Ninth Circuit Model Jury Instruction 1.5. It is clear that Plaintiff is trying to allege his three claims to the jury.

As discussed previously, Defendants object to Plaintiff's claim of malicious prosecution. This incident arises from a warrantless arrest, and there was no legal process to invoke malicious prosecution.

"The tort of malicious prosecution permits damages for a deprivation of a liberty-a seizure-*pursuant to legal process* (emphasis in original). *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed 2d 383 (1994); Calero-Colon, 68 F.3d at 3. Generally, <u>the offending legal process comes either in the form of an arrest</u> <u>warrant</u> (in which case the arrest would constitute the seizure) or <u>a subsequent</u> <u>charging document</u> (in which case the sum of post-arraignment deprivations would compromise the seizure. *Singer*, 63 F.3d at 117. <u>The appellants were arrested without</u> <u>a warrant and thus, the arrests-which antedated any legal process-cannot be part of</u> <u>the Fourth Amendment seizures upon which they base their section 1983 claims.</u> (emphasis added)" *Nieves v. McSweeney*, 241 F.3d 46, 54 (1st Cir. 2001).

**Plaintiff's Response:**

This proposed instruction is based on Model Ninth Circuit Civil Jury Instruction 1.5 (Different Legal Rights). It has been modified to reflect the fact that there are multiple claims (as well as multiple Defendants).

To the extent the Defendants object because they do not believe the Court should instruct on malicious prosecution, that issue is addressed in the context of Plaintiff's Proposed Instruction No. 12.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case.  Thus, when evaluating the credibility of such a witness you should use the same guidelines that you apply to the testimony of any other witness.  You should not give greater or lesser weight to the testimony of a law enforcement officer merely because he or she is a law enforcement officer.

**Defendants' Objection to Plaintiff's Proposed Instruction No. 2:**

Defendants object to Plaintiff's Proposed Instruction No. Two since Plaintiff refuses to provide the source for his proposed instruction. The first sentence is "The testimony of a law enforcement officer should be considered by you just as any other evidence in this case."

This is misleading, confusing, ambiguous and vague. One could understand it more if it read, "The testimony of a law enforcement office should be considered by you just as any other person in this case."

The use of this proposed jury instruction would be misleading, confuse the facts, and its probative value is substantially outweighed by prejudice. F.R.E. 403.

**Plaintiff's Response:**

Plaintiff requests that this instruction be given following Model Ninth Circuit Civil Jury Instruction 1.11 (Credibility of Witnesses). The instruction is supported by *Darbin v. Nourse*, 664 F.2d 1109, 1114-15 (9th Cir. 1981), which held that district courts should inquire during *voir dire* as to whether potential jurors will be able to fairly weigh the testimony of law enforcement witnesses.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 3**

A party who has notice that evidence may be relevant to a later legal proceeding has a duty to make reasonable efforts to preserve such evidence that is in his possession. If a person with such notice fails to preserve evidence, you may draw an inference that the evidence not preserved would have been favorable to the opposing party.

**Defendants' Objection to Plaintiff's Proposed Instruction No. 3:**

Defendants object because Plaintiff refuses to provide the source for his proposed jury instruction.

Furthermore, it is vague, ambiguous, and confusing as to what is meant by "evidence that may be relevant to a later legal proceeding." What is meant by "later legal proceeding?" This is apt to be confusing to the jury.

Moreover, it is deficient. The party seeking the adverse inference instruction must show:

– the party having control over the evidence had an obligation to preserve it at the time it was destroyed;

– the records were destroyed with a *"culpable state of mind"*; and

– the destroyed evidence was *relevant* to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Residential Funding Corp. v. DeGeorge Fin'l Corp.*, 306 F.3d 99, 107 (2nd Cir. 2002).

Furthermore, there are many innocent reasons why the evidence may not be preserved. To infer that if the evidence is not preserved, it would have been favorable to the opposing party is prejudicial to Defendants.

The use of this proposed jury instruction would mislead the jury confuse the issues, and its probative value is substantially outweighed by prejudice. F.R.E. 403.

**Plaintiff's Response:**

Plaintiff requests that this adverse inference instruction be given following Model Ninth Circuit Civil Jury Instruction 1.11 (Credibility of Witnesses). As will also be discussed in Plaintiff's *in limine* motions, Defendant Stanley had in his possession audio-videotape of statements that were made by witness Esther Robbins and Plaintiff Troy Dugan shortly after the October 3, 2009 incident underlying this case. The audio has since been destroyed. Given the circumstances, the jurors are permitted to draw an adverse inference. *See, e.g., Glover v. Bic Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *NLRB v. Pac. Grinding Wheel Co., Inc.*, 572 F.2d 1343, 1348

n. 3 (9th Cir. 1978) ("when a party has relevant evidence within [its] control which [it] fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him").  It is for the jury to decide whether the evidence was deliberately destroyed by Defendant Stanley.  The instruction is appropriate so long as there is any evidence from which the jury could draw a negative inference.  *See Glover*, 6 F.3d at 1329 ("a finding of 'bad faith' is not a prerequisite to" giving an adverse inference instruction, only that the evidence destroyed had "potential relevance to the litigation") (quoting *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir.1991)); *see also United States v. Marguet-Pillado*, 648 F.3d 1001, 1008 (9th Cir. 2011) (holding that if a party requests a jury instruction that is "supported by the law, [a] district court [is] required to give that instruction to the jury so long as [the requested instruction has] some foundation in the evidence").

　　　　As for the Defendants' objection to the phrase "later legal proceeding," Plaintiff believes the meaning of that language is evident, as it includes a criminal case, a civil case, an administrative hearing, *et cetera* – essentially, any proceeding in which evidence might be considered.  The Defendants are free to propose what they believe to be more appropriate language.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4**

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Defendants' Objection to Plaintiff's Proposed Instruction No. 4:**

Plaintiff seeks to modify the Ninth Circuit Model Jury Instruction 2.8.

Defendants object to Plaintiff's addition "that a witness has been convicted of a crime."

The Court "may exclude relevant evidence if is probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See, e.g., Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 886 (9th Cir. 2002).

**Plaintiff's Response:**

This proposed instruction is based on Model Ninth Circuit Civil Jury Instruction 2.8 (Impeachment Evidence - Witness). Contrary to Defendants' claim, the instruction is not modified, it is given as indicated, including bracketed language, in the model instruction. The instruction is being proposed because Plaintiff intends to impeach Defendant Nance based on his having pleaded guilty to two felonies relating to his having torched his personal car and then filing a false insurance claim and police report to collect insurance proceeds on the car.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

The plaintiff brings his claim under the federal statute, 42 U.S.C. §1983, which provides that any person who, under color of law, deprives another of any right secured by the Constitution shall be liable to the injured party.  Here, the plaintiff alleges that the defendants violated his Fourth Amendment right to be free from an unreasonable seizure, and that they did so in three different ways:

First, he alleges that defendants Binder and Nance unlawfully arrested him on October 3, 2009.

Second, he alleges that defendants Binder and Nance used excessive force when arresting him on October 3, 2009.

Third, he alleges that defendants Binder, Nance, and Stanley maliciously caused his improper prosecution after his arrest on October 3, 2009.

12

**Defendants' Objection to Plaintiff's Proposed Instruction No. 5:**

Plaintiff seeks to modify the Ninth Circuit Model Jury Instruction 9.1 Section 1983 Claim-Introductory Instruction by stating that "defendants violated his Fourth Amendment right to be free from an unreasonable seizure and they did so in three different ways: First, he alleges that (1) defendants Binder and Nance unlawfully arrested him on October 3, 2009 and that (2) alleges defendants used excessive force when arresting him on October 3, 2009, and (3) he "alleges that defendants Binder, Nance, and Stanley maliciously caused his improper prosecution  after his arrest on October 3, 2009."  Please see Plaintiff's proposed instruction no. 5.

Defendants object because Plaintiff refuses to give the source for the modification to his proposed jury instruction.

Furthermore, the modified instruction should not be given because this incident was from a warrantless arrest and there was no legal process to invoke malicious prosecution.  It would be erroneous to give this jury instruction.

An *irrelevant* instruction, even if a correct statement of law, should not be given to the jury. Irrelevant instructions are likely to mislead the jury and invite speculation. Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. *15-B[Murphy v. Owens-Illinois, Inc.* (6th Cir. 1985) 779 F2d 340, 345; *Paluch v. Erie Lackawanna R.R. Co.* (3rd Cir. 1968) 387 F2d 996.

"The tort of malicious prosecution permits damages for a deprivation of a liberty-a seizure-*pursuant to legal process* (emphasis in original). *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed 2d 383 (1994); *Calero-Colon*, 68 F.3d at 3.  Generally, the offending legal process comes either in the form of an arrest warrant (in which case the arrest would constitute the seizure) or a subsequent charging document (in which case the sum of post-arraignment deprivations would compromise the seizure. *Singer*, 63 F.3d at 117. The appellants were arrested without a warrant and thus, the arrests-which antedated any legal process-cannot be part of //

13

1  the Fourth Amendment seizures upon which they base their section 1983 claims.
2  (emphasis added)" *Nieves v. McSweeney*, 241 F.3d 46, 54 (1st Cir. 2001).

3      "The elements of a common-law cause of action for malicious prosecution are:
4  (1) the commencement or continuation of a criminal proceeding against the eventual
5  plaintiff at the behest of the eventual defendant; (2) the termination of the proceeding
6  in favor of the accused; (3) an absence of probable cause for the charges; and (4)
7  actual malice. *Correllas v. Viveiros*, 410 Mass. 314, 572 N.E.2d 7, 10 (1991). We
8  assume, for argument's sake, that the appellants made a sufficient showing on these
9  four points to avoid summary judgment. Even so, more is needed to transform
10  malicious prosecution into a claim cognizable under section 1983. *See Roche v. John*
11  *Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256 (1st Cir.1996) (explaining that "a
12  garden-variety claim of malicious prosecution garbed in the regalia of § 1983 must
13  fail"). To bridge the gap, the plaintiff also must show a deprivation of a
14  federally-protected right. *Meehan v. Town of Plymouth*, 167 F.3d 85, 88 (1st
15  Cir.1999); Roche, 81 F.3d at 254." *Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir.
16  2001).

17      The use of Plaintiff's proposed jury instruction no. 5, which modifies the Ninth
18  Circuit Model Jury Instruction 9.1 would  mislead the jury, confuse the issues, and
19  its probative value is substantially outweighed by prejudice.  F.R.E. 403.

20  **Plaintiff's Response:**

21      This proposed instruction is based on Model Ninth Circuit Civil Jury
22  Instruction 9.1 (Section 1983 Claim – Introductory Instruction).  It has been modified
23  as follows.

24      First, it focuses the jury on the Fourth Amendment violations that are involved
25  in this case by removing language relating to "any rights, privileges, and immunities"
26  and "the laws of the United States."

27  //
28  //

                                    14

Second, it adds the language regarding Plaintiff's specific claims, thereby giving more structure to the instructions that follow, and making it easier for the jury to understand those instructions.

Defendants' objections focus on whether the Court should instruct the jury on malicious prosecution. That issue is addressed in the context of Plaintiff's Proposed Jury Instruction No. 12.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 6**

In order to prevail on a §1983 claim against a defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the act or acts of the defendant deprived the plaintiff of a constitutional right, as explained in later instructions.

To find a defendant liable, it is not necessary for you to find that he specifically intended to deprive the plaintiff of his constitutional rights, nor is it necessary for you to find that the defendant acted with malice or ill will toward the plaintiff. The plaintiff must only show that the defendant intended the actions that resulted in a violation of his constitutional rights.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that during all times relevant to this case, all of the defendants were acting under color of law.

In a few moments I will explain to you what the plaintiff must show to establish each of his three claims of a constitutional violation. If you find the plaintiff has proved each of the elements with respect to a particular claim and a particular defendant, your verdict should be for the plaintiff on that claim. If, on the other hand, you find that the plaintiff has failed to prove each of the elements with respect to a particular claim and a particular defendant, your verdict should be for the particular defendant on that claim.

**Defendants' Objection to Plaintiff's Proposed Instruction No. 6:**

Plaintiff seeks to modify the Ninth Circuit Model Jury Instruction 9.2 Section 1983 Claim against Defendant in Individual Capacity-Elements and Burden of Proof. See Plaintiff's Proposed Jury Instruction No. 6.

Defendants object to Plaintiff's modified jury instruction because Plaintiff refuses to give the source of his jury modification.

Plaintiff further fails to list the individual defendants Deputy Christopher Nance, Deputy Brett Binder and Sgt. Stanley. [Please note that Plaintiff has offered to stipulate to the dismissal of Defendants Deputy Roth, Deputy Abdulfatah, Sgt. Gonzalez, and Lt. Roberts with prejudice.]

This is misleading. As pointed out in the comment to 9.2, "In order to be individually liable under § 1983, an individual must personally participate in an alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002).

Furthermore, Plaintiff seeks to add a paragraph, "To find a defendant liable, it is not necessary for you to find that he specifically intended to deprive the plaintiff of his constitutional rights, nor it is necessary for you find that the defendant acted with malice or ill will towards the plaintiff. The plaintiff must only show that the defendant intended the actions that resulted in violation of his constitutional rights." This is somewhat misleading statement. Furthermore, Ninth Circuit Model Jury Instruction 9.18 covers it.

As stated as a comment to the Ninth Circuit Model Instruction 9.18 , "Specific intent to violate a person's rights "is not a prerequisite to liability under § 1983." *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir.1992) (citations omitted). Instead a plaintiff must prove the defendant acted with the mental state necessary to show a violation of a particular right. With respect to the Fourth Amendment, the Supreme Court has defined a seizure of a person as "a governmental termination of freedom of movement *through means intentionally applied*." *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) (emphasis in original)."

17

Plaintiff also adds this to Jury Instruction 9.2, "In a few minutes I will explain to you what the plaintiff must show to establish each of the three claims of a constitutional violation.  If you find that plaintiff has proved each of the elements with respect to a particular claim and a particular defendant, your verdict should be for the plaintiff…."

Plaintiff seeks to limit his proof to his three alleged claims of a constitutional violation.  As stated in the unmodified Ninth Circuit Model Jury Instruction, 9.2, Plaintiff is required to prove  all of the elements under Instructions 33 to 38 that deal with the particular rights-- not just his three alleged claims of a constitutional violation.

Moreover, as discussed previously, concerning Plaintiff's proposed  jury instruction no. 5, the modified instruction regarding a malicious prosecution claim should not be given because this incident was from a warrantless arrest and there was no legal process to invoke malicious prosecution.  It would be erroneous to give this jury instruction.

"The tort of malicious prosecution permits damages for a deprivation of a liberty-a seizure-*pursuant to legal process* (emphasis in original). *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed 2d 383 (1994); *Calero-Colon*, 68 F.3d at 3.  Generally, <u>the offending legal process comes either in the form of an arrest</u> <u>warrant</u> (in which case the arrest would constitute the seizure) or <u>a subsequent</u> <u>charging document</u> (in which case the sum of post-arraignment deprivations would compromise the seizure. Singer, 63 F.3d at 117. <u>The appellants were arrested without</u> <u>a warrant and thus, the arrests-which antedated any legal process-cannot be part of</u> <u>the Fourth Amendment seizures upon which they base their section 1983 claims</u>. (emphasis added)" *Nieves v. McSweeney*, 241 F.3d 46, 54 (1st Cir. 2001).

The use of Plaintiff's proposed jury instruction no. 6, which modifies the Ninth Circuit Model Jury Instruction 9.2, would mislead the jury, confuse the issues, and its probative value is substantially outweighed by prejudice.  F.R.E. 403.

**Plaintiff's Response:**

This proposed instruction is based on Model Ninth Circuit Civil Jury Instruction 9.2 (Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof).  It has been modified as follows.

First, the paragraph that follows the elements is a correct statement of law, based on *Graham v. Connor*, 490 U.S. 386, 397 (1989).  Defendants assert that this paragraph "is somewhat misleading," but they do not explain how, and they follow that statement with a discussion that supports the conclusion that the subject portion of the instruction is an accurate statement of law.

Second, the last paragraph has been modified to conform to the fact that there are multiple defendants and multiple claims in this case, and to be consistent with the requirement that the individual verdicts with respect to each defendant and each claim must be rendered independently.

As to the Defendants' apparent objection that the instruction does not make clear to the jury that they must find, for each specific claim, that both the §1983 elements and the specific claim elements are met, the second element in the instruction states that additional elements will be explained in later instructions, and the later instructions make clear that they are setting out those additional elements.

To the extent the Defendants' object because they do not believe the Court should instruct on malicious prosecution, that issue is addressed in the context of Plaintiff's Proposed Jury Instruction No. 12.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

      In order to establish that the act or acts of a defendant deprived the plaintiff of his rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the act or acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury. However, a defendant's act or acts need not be the only cause of the plaintiff's injury, and an injury may be caused by the act or acts of more than one defendant.

20

**Defendants' Objection to Plaintiff's Proposed Instruction No. 7:**

Plaintiff seeks to modify the proposed Ninth Circuit Model Jury Instruction 9.8.  See Plaintiff's Proposed Instruction No. 7.

Defendants object to Plaintiff's modified jury instruction because Plaintiff refuses to give the source of his jury modification.

Plaintiffs also fails to list the individual defendants Deputy Christopher Nance, Deputy Brett Binder, and Sgt. Stanley.  [Please note: Plaintiff has offered to dismiss Defendants Deputy Roth, Deputy Abdulfatah, Sgt. Gonzalez and Lt. Roberts with prejudice.]

This is misleading.  As pointed out in the comment to 9.2, "In order to be individually liable under § 1983, an individual must personally participate in an alleged rights deprivation."  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002).

Plaintiff adds to the jury instruction, "However, a Defendant's act or acts need not be the only cause of the plaintiff's injury and an injury may be caused by the act or acts of more than one defendant."

Plaintiff's modification is also misleading because it overlooks the long-recognized principle that the right to make an arrest necessarily carries the right to use some degree of physical coercion.  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  The deputies have a right to use reasonable force when Plaintiff resists arrest.  Plaintiff's proposed  modification to the Ninth Circuit Model jury instruction 9.8 makes it appear that if Plaintiff had a physical injury, and Defendants caused the injury during the arrest, then Defendants are liable-this is not the law.

The use of Plaintiff's proposed Jury Instruction 7, which modifies the Ninth Circuit Model Jury Instruction 9.8, would mislead the jury, confuse the issues, and its probative value is substantially outweighed by prejudice.  F.R.E. 403.

**Plaintiff's Response:**

This proposed instruction is based on Model Ninth Circuit Civil Jury Instruction 9.8 (Causation).  It has been modified by adding the second sentence, to

make clear that the act of a defendant need not be the only cause of an injury, because, relevant to this case, two defendants could have combined to cause an injury.  Defendants' objections are not related to the modification.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**

As previously explained, the plaintiff alleges three different ways in which the defendants violated his Fourth Amendment rights.  I will now give you instructions with respect to those three claims.

**Defendants' Objection to Plaintiff's Proposed Instruction No. 8:**

Defendants' objections to Plaintiff's Proposed Jury Instructions Nos. 8 and 9 were combined, so they are set out following Plaintiff's Proposed Instruction No. 9.

**Plaintiff's Response:**

See below.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9**

The plaintiff's first claim is that defendants Binder and Nance deprived him of his rights under the Fourth Amendment when they arrested him without a warrant, and without probable cause, on October 3, 2009.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove that a defendant deprived the plaintiff of his Fourth Amendment rights in this regard, the plaintiff must prove the following additional elements by a preponderance of the evidence:

    1. the defendant seized the plaintiff's person;

    2. in seizing the plaintiff's person, the defendant acted intentionally; and

    3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

    1. the number of officers present;

    2. whether weapons were displayed;

    3. whether the encounter occurred in a public or nonpublic setting;

    4. whether the officers' manner or tone implied that compliance would be compelled; and

    5. whether the officers advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to engage in the act or acts that caused a seizure of the plaintiff's person. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's

25

Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the seizure.

**Defendants' Objections to Plaintiff's Proposed Instructions Nos. 8 And 9:**

Plaintiff seeks to modify the Ninth Circuit Model Instruction 9.18 with two jury instructions, Plaintiff's proposed instruction no. 8 and 9. See Plaintiff's proposed instructions 8 and 9.

Defendants object to Plaintiff's modification to the Ninth Circuit Instruction 9.18 because Plaintiff refuses to provide the source of his jury modification.

Defendants object to Plaintiff's instruction no. 8 because it references three claims. One of the claims is the malicious prosecution claim. Defendants object to Plaintiff's claim of a malicious prosecution. This incident arises from a warrantless arrest, and there was no legal process to invoke malicious prosecution.

"The tort of malicious prosecution permits damages for a deprivation of a liberty-a seizure-*pursuant to legal process* (emphasis in original). *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed 2d 383 (1994); *Calero-Colon*, 68 F.3d at 3. Generally, <u>the offending legal process comes either in the form of an arrest warrant</u> (in which case the arrest would constitute the seizure) or <u>a subsequent charging document</u> (in which case the sum of post-arraignment deprivations would compromise the seizure. Singer, 63 F.3d at 117. <u>The appellants were arrested without a warrant and thus, the arrests-which antedated any legal process-cannot be part of the Fourth Amendment seizures upon which they base their section 1983 claims.</u> (emphasis added)" *Nieves v. McSweeney*, 241 F.3d 46, 54 (1st Cir. 2001).

Furthermore, Plaintiff's modification in Plaintiff's Instruction No. 9 ignores the introductory paragraph of the Ninth Circuit Model jury instruction 9.18, discussing Plaintiff's burden to prove. It changes it to Plaintiff's first claim.

The introductory paragraph of the unmodified Ninth Circuit Model Jury Instruction 9.18 states:

"As previously explained, the plaintiff has the burden to prove that the acts of the Defendants Deputy Christopher Nance, Deputy Brett Binder, and Sgt. Stanley //

deprived the plaintiff of particular rights under the United States Constitution under the Fourth Amendment to the Constitution.

Plaintiff's modification skips the introduction about Plaintiff's burden and leaps to the second paragraph, the plaintiff must prove the following additional items by a preponderance of the evidence. This is confusing to the jury.

Plaintiff also fails to list the individual defendants' names. This is misleading. As pointed out in the comment to 9.2, "In order to be individually liable under § 1983, an individual must personally participate in an alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002).

The use of Plaintiff's proposed Jury Instructions 8 and 9, which modifies the Ninth Circuit Model Jury Instruction 9.18, would mislead the jury, confuse the issues, and its probative value is substantially outweighed by prejudice. F.R.E. 403.

**Plaintiff's Response:**

Instruction 8 is being proposed because it provides a segue to the Court's discussion of the elements regarding Mr. Dugan's specific claims.

Instruction 9 is based on Model Ninth Circuit Civil Jury Instruction 9.18 (Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally). It has been modified in the following respects.

The first paragraph has been modified in light of the segue instruction in Plaintiff's proposed instruction 8. Defendants' object that because of the modification the jury will not know that the Plaintiff has the burden of proof with respect to the Fourth Amendment claims. But the instruction clearly states, "the plaintiff must prove the following additional elements by a preponderance of the evidence." If the Defendants want that point to be added earlier in the instruction, Plaintiff does not object – the purpose of the modifications here are to delineate for the jury the three claims involved, not to mislead them about the applicable burden of proof.

//

The second paragraph has been modified by adding the words "in this regard," to make clear that these instructions apply to just one of the plaintiff's three claims. The Defendants do not appear to object to that modification.

To the extent the Defendants object because they do not believe the Court should instruct on malicious prosecution, that issue is addressed in the context of Plaintiff's Proposed Jury Instruction No. 12.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable because it was not supported by probable cause, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff had committed a crime.

Under state law, it is a crime to **[appropriate language must be added here based on a crime for which defendants could have had probable cause to arrest at the time of the actual arrest. As explained in Plaintiff's objection to the Defendants' proposed jury instruction based on Ninth Circuit Model Instruction 9.20, even if one accepts Defendant Nance's and Binder's deposition testimony, the arrest occurred before any even arguably resistive conduct occurred.]**.

In considering whether any of the defendants had probable cause to make an arrest, you should consider all the information that was available to the defendants at the time, including information that weighed against the officer concluding that there was probable cause to believe that the plaintiff had committed a crime.

It is permissible for law enforcement officers to rely on the statements of non-officers when they are considering if there is probable cause to make an arrest. However, an officer must weigh any such statement along with all the other information known to him, including information indicating that a statement made by a non-officer is not reliable.

If you find that plaintiff was arrested, and that the defendants did not have probable cause for the arrest, you must find that the arrest violated the plaintiff's constitutional rights.

**Defendants' Objection to Plaintiff's Proposed Instruction No 10:**

Plaintiff seeks to modify the Ninth Circuit Model Jury Instruction 9.20. Please see Plaintiff's Proposed Jury Instruction No. 10.

Defendants object to Plaintiff's proposed jury instruction because Plaintiff refuses to provide the source for his modification.

Plaintiff adds to Ninth Circuit Model Jury Instruction 9.20 three additional paragraphs. The first paragraph states, "In considering whether any of the defendants had probable cause of arrest, you consider all of the information that was available to the defendants at the time, including information that weighed against the officer concluding that there was probable cause to believe that the plaintiff had created a crime."

This is a misleading because it overlooks well know case law that probable cause to support an arrest is evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Frazier v.* Williams, 620 F. Supp. 2d 103 (D.D.C. 2009).   Furthermore, Plaintiff's language, "including information that weighed against" and "Created a crime" is vague, ambiguous, and confusing to the jury.

Plaintiff also adds the following second paragraph:

"It is permissible for law enforcement officers to rely on the statements of nonofficers when they are considering if there is probable cause to make an arrest. However, an officer must weigh any such statement along with all of the other information known to him, including information indicating that a statement made by a nonofficer is not reliable.

This is misleading because it overlooks that pprobable cause to support an arrest is evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Frazier v.* Williams, 620 F. Supp. 2d 103 (D.D.C. 2009).  Furthermore, the jury is likely to think that law enforcement officers must undergo a weighing process before making an arrest and only use "reliable

information." This is not the law. As the instruction itself instructs, "probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable person would conclude there is a fair probability that the plaintiff has committed a crime." "A police officer has probable cause to arrest a suspect without a warrant if the available facts suggest a 'fair probability' that the suspect has committed a crime." *Tatus v. City and County of San Francisco,* 441 F.3d 1090, 1094 (9th Cir. 2006).

Plaintiff also adds to the Ninth Circuit Model Jury instruction, "if you find that plaintiff was arrested, and that the defendants did not have probable cause for the arrest, you must find that the arrest violated the plaintiff's constitutional rights.

This is a misstatement of the law. It ignores qualified immunity. An official, such as a police officer, is entitled to a qualified immunity where he has acted with a good faith belief that his actions were within his lawful authority and that reasonable grounds existed for this belief based upon objective circumstances at the time he acted." *Garris v. Rowland*, 858 F.2d 571, 573 (9th Cir. 1988); citing Douthit v. Jones, 619 F.2d 527, 534 (5th Cir. 1980); see also Baker V. Norman, 651 F.2d 1107 (5th Cir. 1981.)

In *Acosta v. City of Costa Mesa*, 694 F.3d 960, 989 (9th Cir. 2012), End Note 14, the Court found, "We note that if we were to find no probable cause to arrest existed, the officer would still be entitled to qualified immunity. An officer is entitled to immunity where a reasonable officer would believe that probable cause existed, even if that determination was a mistake. (emphasis added.)"

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, _____ U.S._____, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012).

Erroneous, misleading or incomplete instructions that fail to correctly state the law may ordinarily be rejected. Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch.

15-B [*McGonigle v. Combs* (9th Cir. 1992) 968 F2d 810, 824; see *Woods v. Sammisa Co., Ltd.* (5th Cir. 1989) 873 F2d 842, 854–855—court properly refused requested instruction that "misstate[s the law] so badly that it's almost scary" (brackets in original)].

The use of Plaintiff's Instruction No. 20, which modifies the Ninth Circuit Model Jury Instruction 9.20 would mislead the jury, confuse the

issues, and its probative value is substantially outweighed by prejudice.  F.R.E. 403.

**Plaintiff's Response:**

This proposed instruction is based on Model Ninth Circuit Civil Jury Instruction 9.20 (Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Probable Cause for Arrest).  It has been modified in the following respects.

The first paragraph has been modified to reflect the fact that there was no warrant for Mr. Dugan's arrest, and it is supported by *Devenpeck v. United States*, 543 U.S. 146, 152 (warrantless arrest requires probable cause).  The Defendants do not seem to object to this modification.

The second paragraph has been modified by adding the words, "because it was not supported by probable cause," to make clear that this is just one of the three Fourth Amendment claims raised.  The Defendants do not seem to object to this modification.

The fifth paragraph, which talks about an officer being required to consider facts that cut against a finding of probable cause, is supported by *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1147 (9th Cir. 2012) ("an officer may not ignore exculpatory evidence that would negate a finding of probable cause"), and *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003) (same).

The sixth paragraph, which talks about officers relying on the statements of non-officers, is based on *Florida v. J.L.*, 529 U.S. 266, 270-72 (2000), which, consistent with Fourth Amendment law generally, indicates that an officer must assess an informant's tip based on all the known circumstances.

The final paragraph is supported by *United States v. Guzman-Padilla*, 573 F.3d 865, 876 (9th Cir. 2009). Defendants' object to this paragraph based on their intent to raise a qualified immunity defense. However, as explained in more detail in Plaintiff's objection to Defendants' proposed jury instruction relating to qualified immunity, the jurors' task is to determine if the Defendants violated the Plaintiff's constitutional right(s); their task is not to assess whether qualified immunity applies because the right(s) violated were not clearly established. The latter is a legal issue for the Court, and should have been raised in a pre-trial motion.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11**

The plaintiff's second claim is that defendants Binder and Nance used excessive force when they seized him.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself.  Thus, in order to prove an unreasonable seizure based on excessive force, the plaintiff must prove by a preponderance of the evidence that the defendant used excessive force when seizing the plaintiff on October 3, 2009.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  It is your decision as to what force a reasonable officer should have used that controls, not the state of mind of any defendant involved in this case.

In determining whether an officer used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.  The severity of the crime or other circumstances to which the officers were responding;

2.  Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3.  Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.  The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.  The type and amount of force used;

6.  The availability to the defendants of alternative methods.

**Defendants' Objection to Plaintiff's Proposed Instruction No. 11:**

Plaintiff seeks to modify the Ninth Circuit Model Jury Instruction No. 22. See Plaintiff's Instruction No. 11.

Defendants object to Plaintiff's proposed jury modification because Plaintiff refused to provide the source  for his modification.

Plaintiff adds to the Ninth Circuit Model Jury Instruction No. 22 with following paragraph. "It is your decision as to what force a reasonable officer should have used that controls, not the state of mind of any defendant involved in this case."

The language, "your decision as to what force a reasonable officer should have used that controls" is confusing, vague and ambiguous."  It is also unclear what is meant by "controls."

The use of Plaintiff's Instruction no. 11 would mislead the jury, confuse the issues, and its probative value is outweighed by prejudice.  F.R.E. 403.

**Plaintiff's Response:**

This proposed instruction is based on Model Ninth Circuit Civil Jury Instruction 9.22 (Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force).  It has been modified in the following respects.

The first paragraph has been added to make clear that the Court is now addressing the Plaintiff's second claim.  The Defendants do not seem to object to this modification.

The second sentence of the first paragraph of the model instruction has been modified to make clear that the excessive force claim is just one of the three claims asserted by the Plaintiff.  The Defendants do not seem to object to this modification.

The last sentence of paragraph three has been added to the model instruction and is a correct statement of law under *Graham v. Connor*, 490 U.S. 386, 396-97 (1989).  It is an appropriate addition because it makes clear to the jury that while they should not employ 20/20 hindsight, they are not assessing the Defendants' on-site views of the reasonableness of their conduct.  As for Defendants' objection to the use

of the sentence, "It is your decision as to what force a reasonable officer should have used that controls, not the state of mind of any defendant involved in this case," that is meant to convey that the inquiry is objective. The Plaintiff is amenable to an alternative phrasing of that concept, but he believes it is appropriately addressed following the 20/20 hindsight language, just as it was in *Graham*.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12**

The plaintiff's third claim is that defendants Binder, Nance, and Stanley maliciously caused his improper prosecution after his arrest on October 3, 2009.

In order to prove that claim, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  the defendant instituted a criminal action against the plaintiff;

2.  there was not probable cause to initiate that criminal action;

3.  that criminal action ended in the plaintiff's favor; and

4.  the defendant acted maliciously.

A police officer acts maliciously when he knowingly provides false or misleading information to a prosecutor or a judge, and as a result the plaintiff is wrongfully prosecuted. In such cases, there is no superseding or intervening cause that relieves the officer of fault and liability.

**Defendants' Objection to Plaintiff's Proposed Instruction No. 12:**

Defendants object that Plaintiff has not provided the source for his proposed jury instruction. Furthermore, the instruction should not be given because this incident was from a warrantless arrest and there was no legal process to invoke malicious prosecution. It would be erroneous to give this jury instruction.

An *irrelevant* instruction, even if a correct statement of law, should not be given to the jury. Irrelevant instructions are likely to mislead the jury and invite speculation. Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 15-B[*Murphy v. Owens–Illinois, Inc.* (6th Cir. 1985) 779 F2d 340, 345; *Paluch v. Erie Lackawanna R.R. Co*. (3rd Cir. 1968) 387 F2d 996.

"The tort of malicious prosecution permits damages for a deprivation of a liberty-a seizure-*pursuant to legal process* (emphasis in original). *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed 2d 383 (1994); *Calero-Colon*, 68 F.3d at 3. Generally, <u>the offending legal process comes either in the form of an arrest warrant</u> (in which case the arrest would constitute the seizure) or <u>a subsequent charging document</u> (in which case the sum of post-arraignment deprivations would compromise the seizure. *Singer*, 63 F.3d at 117. <u>The appellants were arrested without a warrant and thus, the arrests-which antedated any legal process—cannot be part of the Fourth Amendment seizures upon which they base their section 1983 claims. (emphasis added)</u>" *Nieves v. McSweeney*, 241 F.3d 46, 54 (1st Cir. 2001).

"The elements of a common-law cause of action for malicious prosecution are: (1) the commencement or continuation of a criminal proceeding against the eventual plaintiff at the behest of the eventual defendant; (2) the termination of the proceeding in favor of the accused; (3) an absence of probable cause for the charges; and (4) actual malice. *Correllas v. Viveiros,* 410 Mass. 314, 572 N.E.2d 7, 10 (1991). We assume, for argument's sake, that the appellants made a sufficient showing on these four points to avoid summary judgment. <u>Even so, more is needed to transform malicious prosecution into a claim cognizable under section 1983.</u> *See Roche v. John*

39

*Hancock Mut. Life Ins. Co.,* 81 F.3d 249, 256 (1st Cir.1996) (explaining that "a garden-variety claim of malicious prosecution garbed in the regalia of § 1983 must fail"). <u>To bridge the gap, the plaintiff also must show a deprivation of a federally-protected right.</u> *Meehan v. Town of Plymouth,* 167 F.3d 85, 88 (1st Cir.1999); *Roche,* 81 F.3d at 254." *Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001).

In *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002), the Court adopted an evidentiary presumption that the prosecutor filing a criminal complaint exercised independent judgment in determining that probable cause for an accused's arrest existed. Thereby, breaking the chain of causation between an arrest and prosecution and immunizing investigating officers from damages suffered after the complaint was filed.

In *Smiddy* II, the Court of Appeals, Goodwin, Circuit Judge, held that police officers were not liable for damages incurred after prosecutor filed criminal complaint against arrestee absent evidence rebutting presumption that district attorney acted according to law. *Smiddy v. Varney*, 803 F.2d 1469 (9th Cir. 1986) opinion modified on denial of reh'g, 811 F.2d 504 (9th Cir. 1987). If Smiddy had contrary evidence, e.g., that the district attorney was subjected to unreasonable pressure by the police officers, or that the officers knowing withheld relevant information with the intent to harm Smiddy, or that the officers knowingly supplied false information, Smiddy had the burden to produce it." *Galbraith* at p. 1126, citing *Smiddy II*, 803 F.2d 1469, 1471 (9th Cir. 1971).

Inconsistencies between Plaintiff's version and officers' version of the events are insufficient to rebut presumption of prosecutorial independence. *Sloman v. Tadlock*, 21 F.3d 1462 (9th Cir. 1994). *Sloman* held that "conclusory allegations of [falsehood], standing alone is insufficient to prevent summary judgment" against a claim of malicious prosecution on the ground of independent prosecutorial judgment.

The use of this proposed jury instruction would mislead the jury, confuse the issues, and its probative value is substantially outweighed by prejudice. F.R.E. 403.

**Plaintiff's Response:**

In its April 9, 2012 order denying the individual Defendants' motions to dismiss the complaint (at page six), the Court found that the Plaintiff had adequately pleaded a malicious prosecution claim. That claim has not been disposed of by summary judgment. Thus, it stands to reason that the jury must be instructed on the claim.

There is no Ninth Circuit model instruction for malicious prosecution. Accordingly, Plaintiff's proposed instruction is based on *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066-70 (9th Cir. 2004); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); and *Usher v. City of Los Angeles*, 828 F.2d 556, 561-62, (9th Cir. 1987). If the Defendants would like to propose an alternative, they are free to do so. Instead, to the extent Defendants discuss Ninth Circuit law in this context, they refer to analyses with respect to inadequate pleading or summary judgment.

41

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13**

Police officers have an affirmative duty to enforce the law and preserve the peace.  This includes stopping other police officers from violating the law.  A police officer may not ignore this duty and fail to stop another officer who is violating a person's constitutional rights in his presence.  Thus, if you find that a defendant was aware that the plaintiff's constitutional rights were being violated, and that defendant did nothing to stop the violation, that defendant is liable for the constitutional violation to the same extent as if he personally violated the plaintiff's constitutional rights.

**Defendants' Objection to Plaintiff's Proposed Instruction No. 13:**

Plaintiff seeks a special jury instruction as to police officers' duty. Defendants object that Plaintiff refuses to provide the source for his proposed jury instruction. Defendants further oppose Plaintiff's proposed jury instruction because it misstates the law and it is misleading.

*Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) held:

> "A police officer may be held liable under section 1983 for failing to intervene if a fellow officer violates the constitutional rights of a suspect. However, officers who are not present or do not have 'realistic opportunity' to intercede cannot be held liable."

"To establish the requisite duty for this tort under California common law, a plaintiff must allege 'that the officer took affirmative action which contributed to, increased, or changed the risk, which would otherwise existed' or establish 'the requisite factors to a finding of special relationship, common law, a plaintiff must allege 'that the officer took affirmative action which contributed to, increased, or changed the risk, which would otherwise existed' or establish 'the requisite factors to namely detrimental reliance by the plaintiff on the officer's conduct.'" *Lambert v. City of Santa Rosa,* 2005 U.S. Dist LEXIS 30858, citing *Stout v. City of Porterville,* 148 Cal.App.3d 937, 945 (1983).

The use of Plaintiff's proposed jury instruction would mislead the jury, confuse the issues, and its probative value is substantially outweighed by prejudice. F.R.E. 403.

**Plaintiff's Response:**

This instruction is based on *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd in part on other grounds*, 518 U.S. 81 (1996) ("There is another route to police officer liability under the civil rights statutes for injuries perpetrated by third persons. Pursuant to a long line of civil cases, police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or

43

1   other citizen. . . .   In these cases, the constitutional right violated by the passive

2   defendant is analytically the same as the right violated by the person who strikes the

3   blows. Thus an officer who failed to intercede when his colleagues were depriving

4   a victim of his Fourth Amendment right to be free from unreasonable force in the

5   course of an arrest would, like his colleagues, be responsible for subjecting the victim

6   to a deprivation of his Fourth Amendment rights").

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Counsel for Plaintiff certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon counsel for all the Defendants in this case, Harold G. Becks,via ECF/NEF.


Dated: April 22, 2013                    */s/ Todd W. Burns*

                                          Counsel for Plaintiff Troy J. Dugan

45