UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): DEFENDANTS' MOTION IN LIMINE #8 (Docket #105, filed April 29, 2013)

DEFENDANTS' MOTION IN LIMINE #9 (Docket #106, filed April 29, 2013)

DEFENDANT'S MOTION IN LIMINE #3 (Docket #112, filed April 29, 2013)

DEFENDANT'S MOTION TO AUGMENT JOINT WITNESS LIST (Docket #176, filed July 17, 2013)

DEFENDANT'S MOTION TO EXCLUDE THE INTRODUCTION AND USE AT TRIAL OF ALL OF PLAINTIFF'S EXHIBITS (Docket #175, filed July 17, 2013)

**I.   INTRODUCTION**

Plaintiff Troy Dugan filed this case in this Court on September 30, 2011, and filed a First Amended Complaint ("FAC") on December 12, 2011. The remaining defendants' in this action are Los Angeles County Sheriff's ("LACS") Deputy Brett Binder ("Binder"), former LACS Deputy Christopher Nance ("Nance"), and LACS Sergeant John Stanley ("Stanley"). Plaintiff contends that, on October 3, 2009, Binder and Nance unlawfully beat him and sprayed him with mace while lacking any evidence to believe he was engaged in criminal conduct. Additionally, plaintiff contends that all three defendants unlawfully caused criminal proceedings to be initiated against him. Plaintiff has asserted claims under 42 U.S.C. § 1983 against defendants for unlawful seizure, excessive force, and malicious prosecution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

On April 29, 2013, defendants filed three motions in limine seeking to preclude (1) testimony from Andrew Leventhal ("Leventhal"), plaintiff's lawyer in the criminal proceedings referenced above, (2) photographs and a diagram created by Randy Candias ("Candias"), and (3) evidence of or references to other alleged incidents where Nance and Binder used of excessive force.  Plaintiff filed oppositions to these motions on May 3, 2013, and plaintiff filed a supplemental brief on May 12, 2013.

Additionally, on July 17, 2013, defendants filed a motion seeking to exclude all of plaintiffs' trial exhibits, and a motion to admit the testimony of Sergeant John Powell ("Sergeant Powell").  Plaintiff filed oppositions to these motions on July 19, 2013 and July 21, 2013, respectively.

After considering the parties' arguments, the Court finds and concludes as follows.

## II.    TESTIMONY OF ANDREW LEVENTHAL

Plaintiff seeks to introduce testimony from Leventhal in support of his claim for malicious prosecution.  Leventhal's testimony will provide an overview of the criminal proceedings against plaintiff and explain how the proceedings were terminated.  Plaintiff claims that this testimony is relevant—and indeed essential—to his malicious prosecution claim because "[a]n individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence."  Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004).

Defendants contend that this testimony should be precluded because plaintiff's malicious prosecution claim fails as a matter of law.  Defendants point out that the criminal proceedings against plaintiff were terminated pursuant to California Penal Code § 1382 due to the prosecution's inability to proceed when the case was called for trial.  Relying on the California Supreme Court's decision in Jaffe v. Stone, 18 Cal. 2d 146 (1941), defendants argue that a dismissal on these grounds is not a "favorable termination" for purposes of a claim for malicious prosecution.  Jaffe, 18 Cal. 2d at 150 (" If . . . the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination.").  Defendants conclude that because plaintiff's malicious prosecution claim fails as a matter of law, Leventhal's testimony cannot be introduced at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

The Court finds that Leventhal's testimony is relevant to the issue of whether the prior proceedings terminated in plaintiff's favor. Where, as here, criminal proceedings are terminated through a means other than a trial on the merits, and the plaintiff alleges that the proceedings were initiated due to the defendant's fraudulent conduct, the defense bears the burden of demonstrating that the charges were withdrawn "on the basis of a compromise among the parties or for a cause that was not inconsistent with [the plaintiff's] guilt." Awabdy, 368 F.3d at 1068. Accordingly, defendants bear the burden of demonstrating why the prosecution did not timely prepare to proceed against plaintiff. Leventhal's testimony is therefore relevant because it provides information regarding the circumstances under which the case was terminated, which is relevant to the factual issue of why the prosecution did not timely proceed with its case.

Defendants also argue that Leventhal should not be able to testify that, in his opinion, the proceedings were terminated in plaintiff's favor. The Court acknowledges that "[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge." Nationwide Transport Finance v. Cass Information Systems, Inc., 523 F.3d 1051, 1058 (9th Cir. 2008). Leventhal therefore should not offer conclusory testimony about the ultimate legal issue of whether the termination of the proceedings was favorable to plaintiff.

Accordingly, defendants' motion in limine is denied.

### III. EVIDENCE CREATED BY RANDY CANDIAS

Defendants ask the Court to exclude photographs and a diagram created by Candias that purportedly depict the apartment in which the alleged use of excessive force occurred. In response to defendants' motion, plaintiff has withdrawn the photographs at issue. Hence, the only issue is the admissibility of the diagram.

Defendants argue that the diagram should be excluded pursuant to Federal Rules of Evidence 402 and 403 on the grounds that the diagram is inaccurate. Defendants have not, however, produced any evidence demonstrating that the diagram is inaccurate. Consequently, if this evidence is properly authenticated, there is no basis for excluding the diagram on the grounds that it is confusing or irrelevant. The Court therefore denies defendants' motion in limine.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

**IV.   OTHER INCIDENTS OF EXCESSIVE FORCE**

Defendants ask the Court to exclude the introduction of evidence regarding complaints, prior civil lawsuits, and other allegations regarding incidents in which defendants purportedly used excessive force. In response, plaintiff contends that other alleged incidents in which the defendants used excessive force are admissible to demonstrate intent and absence of mistake.

Federal Rule of Evidence 404 provides "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). Such evidence may be used, however, "for another purpose, such as proving motive, opportunity, intent preparation, plan, knowledge, identity absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008).

The Court finds that evidence regarding other incidents of excessive force should not be admitted. Evidence of other alleged uses of excessive force is not admissible to prove an individual officer's liability, because the question at issue in an excessive force case is not intent, but whether an appropriate amount of force was used. Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993); Allen v. City of Los Angeles, 2012 WL 1641712, at *3 (C.D. Cal. 2012). Defendants' request to exclude evidence of other incidents of excessive force is therefore granted.

**V.   REQUEST TO PRECLUDE ALL TRIAL EXHIBITS**

Defendants ask the Court to preclude plaintiff from introducing all of his trial exhibits. Defendants claim that they are entitled to this relief because plaintiff has wrongly failed to exchange trial exhibit books with defendants. Additionally, defendants request monetary sanctions in the amount of the attorney's fees incurred due to drafting the instant motion.

The Court denies this request. First, courts have found that "a prior court order requiring production is [generally] a necessary prerequisite to invoking . . . the sanction

Case 2:11-cv-08145-CAS-SH   Document 180   Filed 07/23/13   Page 5 of 7   Page ID #:2133

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | | Date | July 23, 2013 |
|---|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | | |

of exclusion." American Property Const. Co. v. Sprenger Lang Foundation, 274 F.R.D. 1, 9 (D. D.C. 2011). No specific and definite court order requiring an exchange of trial exhibit books has been issued, and therefore exclusion would be premature. Second, as of July 21, 2013, plaintiff claims that he has provided defendants with plaintiff's trial exhibit book. Finally, sanctions are inappropriate because defendants have not demonstrated that plaintiffs have acted with the requisite level of culpability. See L.R. 83-7.

## VI. TESTIMONY OF SERGEANT POWELL

Defendants seek to introduce testimony from Sergeant Powell at trial. Sergeant Powell's proposed testimony pertains to a video recording, made by defendant Sergeant Stanley, of interviews with plaintiff and Esther Robbins, a non-party witness. While the video portion of these recordings remains intact, the audio portion no longer functions, and plaintiff has requested an adverse inference jury instruction based upon his contention that defendants culpably destroyed or failed to preserve this evidence. See Dkt. #75 at 7. Sergeant Powell's testimony will be offered to explain why the audio portion of the video is no longer functioning. Defendants further explain that Judge Wright—at a May 20, 2013 hearing—ordered them to produce testimony from a non-party witness explaining why the audio portion of these recordings is missing, and that Sergeant Powell's testimony is necessary to satisfy their obligations under this order.

Plaintiff argues that Sergeant Powell should not be permitted to testify because he was not timely designated as a witness. Defendants first identified Sergeant Powell as a potential witness on June 26, 2013, which is almost thirteen months after the parties made their initial disclosures and two months after the deadline for filing witness lists. Dkt. # 36 – 37. Moreover, plaintiff contends that Judge Wright never made the order referenced by defendants. Instead, plaintiff explains that Judge Wright's remarks were directed towards another missing piece of audio evidence, and further explain that Judge Wright did not order defendants to produce additional witnesses, but merely expressed his opinion that he hoped a witness from the defendants would be able to adequately address plaintiff's allegations of evidence destruction. Plaintiff concludes that there is no excuse for failing to timely disclose Sergeant Powell as a witness, and that he should therefore be prevented from testifying at trial.

Federal Rule of Civil Procedure 26 requires litigants to disclose the following "without awaiting a discovery request":

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

The consequences of failing to comply with the initial disclosure obligations under Rule 26 are set out in Rule 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. Proc. 37.  If the failure to disclose was "substantially justified or is harmless," however, sanctions are not appropriate.  Id.  When considering whether evidence should be excluded pursuant to Rule 37, courts have considered "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it failure to disclose the evidence."  Dey, L.P. v. Ivax Pharmaceuticals, Inc., 233 F.R.D. 567, 571 (C.D. Cal. 2005); Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

      These factors weigh in favor of exclusion.  Regarding the first factor, plaintiff had no reason to expect that defendants would call an undisclosed witness on the subject of the allegedly destroyed audio recording less than a month before trial.  Moreover, as to the second factor, because trial is imminent, plaintiff does not have a reasonable way of curing the surprise, even though defendants have made Sergeant Powell available for a deposition.  The third factor may weigh slightly in defendants' favor because Sergeant Powell's testimony will purportedly be brief, and therefore its introduction will not disrupt trial.  Additionally, as to the fourth factor, defendants have not explained why Sergeant Powell's testimony is critical to their case.  While evidence addressing the alleged evidence destruction appears important, it is unclear why Sergeant Powell's testimony is necessary to address this issue.  Finally, as to the fifth factor, defendants' explanation regarding its failure to timely designate Sergeant Powell is not convincing.  As defendants acknowledge, the disappearance of the audio recordings has been an issue in this case for several months, and defendants therefore cannot take the position that they only recently learned of the need for evidence addressing the claimed evidence spoliation.  Additionally, while defendants rely on a purported order issued by Judge Wright directing them to produce an additional witness regarding the audio recording,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

they produce no evidence of a specific and definite order setting out this obligation, nor do they even provide a copy of this order.

Because four of these five factors weigh substantially in favor of exclusion, the Court finds that Sergeant Powell's testimony should not be permitted at trial. Defendants' request to admit the testimony of Sergeant Powell is therefore denied.

## VII.  CONCLUSION

In accordance with the foregoing, defendants' motions are hereby GRANTED IN PART and DENIED IN PART.  Defendants' motion to exclude testimony regarding other incidents of excessive force is GRANTED.  Otherwise, defendants' motions are DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |