UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | | Date | July 30, 2013 |
|---|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |  |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (IN CHAMBERS): DEFENDANTS' REQUEST FOR CLARIFICATION (Docket #185, filed July 25, 2013)

ORDER RE: EVIDENTIARY ISSUES

## I. INTRODUCTION

Plaintiff Troy Dugan filed this case in this Court on September 30, 2011, and filed a First Amended Complaint ("FAC") on December 12, 2011. The remaining defendants' in this action are Los Angeles County Sheriff's ("LACS") Deputy Brett Binder ("Binder"), former LACS Deputy Christopher Nance ("Nance"), and LACS Sergeant John Stanley ("Stanley"). A jury trial in this matter began on July 26, 2013, and is ongoing.

On July 25, 2013, defendants filed a request for clarification regarding the Court's ruling, per Judge Wright, on plaintiff's third motion in limine. Additionally, at a hearing outside the presence of the jury on July 26, 2013, the parties disputed the admissibility of (1) prior acts of excessive force allegedly committed by defendants, and (2) a Sheriff's Department disciplinary investigation, File Number IAB 2215819, regarding Nance. After considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

### A. Request for Clarification

Defendants' request seeks clarification regarding the Court's ruling on plaintiff's third motion in limine, Dkt. #95. Plaintiff's third motion in limine contended that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | Date | July 30, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

defendants should not be permitted to introduce evidence regrading what was said during a recorded interview between Stanley and non-party Esther Robbins ("Robbins"), because the audio portion of the recording was destroyed while it was in defendants' custody. Specifically, plaintiff's third motion in limine requested the following:

> Plaintiff requests that the Court preclude any evidence relating to the interview of Ms. Robbins and Mr. Dugan that were recorded, but for which the audio recording has been destroyed.

Dkt. #95 at 4. Plaintiff argued that excluding reference to these interviews is proper because plaintiff cannot rely on the now-destroyed audio recording to dispute defendants' contentions regarding what took place during that interview. See Unigard v. Lakewood, 982 F.2d 363, 368 (9th Cir. 1992); Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993) ("A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence. Such power includes the power where appropriate to order the exclusion of certain evidence."). In an order dated May 10, 2013, the Court granted plaintiffs' motion in limine.

     Defendants now seek clarification of this order, and argue that the Court's earlier ruling excluding any reference to the interview is overbroad. Defendants make clear, however, that they are not seeking reconsideration of the Court's order. Dkt. # 185 at 4.

     The Court provides the following clarification: its earlier ruling, granting plaintiff's motion in limine, prevents defendants from making any reference to the Robbins interview or introducing evidence about what was said during the interview. Because plaintiff's claims do not arise out of the interview, but instead arise out of the events discussed during that interview, this order is not unfairly prejudicial or overbroad. Defendants' retain the ability to introduce evidence and argue that no excessive force was used and no false or malicious reports were filed regarding the incident underlying this case. They merely cannot rely upon evidence concerning the interview to make their case. The Court's ruling was therefore appropriately tailored to deny defendants the fruits of any spoliation of evidence while not interfering with their right to mount a defense to plaintiff's claims. See Campell Industries v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | Date | July 30, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

**B.    Prior Acts of Excessive Force**

At a hearing conducted on July 26, 2013, the parties expressed uncertainty regarding whether evidence of or references to prior uses of excessive force by defendants could be admitted into evidence. For the reasons explained in the Court's order dated July 23, 2013, no such evidence will be admitted. Dkt. #180 at 4; Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993); Allen v. City of Los Angeles, 2012 WL 1641712, at *3 (C.D. Cal. 2012).

**C.    Disciplinary Investigation**

Additionally, at the July 26, 2013 hearing, the parties' disputed whether plaintiff could introduce evidence regarding a Sheriff's Department disciplinary investigation concerning Nance. This investigation concluded that Nance improperly left his assigned area of duty to get a meal at a McDonald's restaurant, and that while there, he improperly failed object to his partner's refusal to offer assistance to a distressed person. Additionally, the investigation concluded that Nance made false and/or evasive statements during an interview concerning the incident. Plaintiff seeks to introduce evidence regarding this investigation to attack Nance's character for truthfulness.

Federal Rule of Evidence 608 defines the circumstances under which a party may use specific instances of conduct to attack a witness's character for truthfulness. It provides, in pertinent part, that:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
>    (1) the witness . . .

Fed. R. Evid. 608(b). This rule allows a witness to be questioned regarding purported misconduct that is probative of the witness's character for truthfulness, but does not permit that conduct to be demonstrated through extrinsic evidence. See, e.g., Bonin v. Calderon, 59 F.3d 815, 829 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145 CAS (SHx) | Date | July 30, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

Accordingly, plaintiff may inquire into the disciplinary investigation, because the investigation concluded that Nance had made false or evasive statements. Plaintiff may not, however, offer extrinsic evidence regarding the disciplinary investigation to prove that the investigation took place.

While plaintiff therefore cannot introduce documentation of the investigation in order to prove that the investigation occurred, the documentation can be used, if necessary, to refresh Nance's recollection regarding the investigation. As the Ninth Circuit has explained, "even inadmissible evidence may be used to refresh a witness's recollection." Fraser v. Goodale, 342 F.3d 1032, 1037 (9th Cir. 2003).

Therefore, plaintiff may inquire into the disciplinary investigation, and may use documentation of that investigation to refresh Nance's recollection, but may not introduce the documentation or any other extrinsic evidence concerning the investigation for the purpose of attacking Nance's character for truthfulness.

### III. CONCLUSION

As stated above, the Court hereby concludes that: (1) defendants may not introduce evidence regarding Stanley's interview with Robbins, (2) evidence concerning prior uses of excessive force will not be admitted into evidence, and (3) plaintiff may inquire into Nance's disciplinary investigation on cross-examination and use documentation of that investigation for the limited purpose of refreshing Nance's recollection, but not to prove that the investigation took place.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |