UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY J. DUGAN, | ) CASE NO. CV 11-8145 CAS (SHx) |
|     Plaintiff | ) |
| v. | ) JURY INSTRUCTIONS |
| BRETT BINDER, CHRISTOPHER | ) |
| NANCE, and JOHN STANLEY, | ) |
|     Defendants. | ) |
| _____ | ) |

Dated: August 2, 2013.



CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

**JURY INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

-3-

# JURY INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which the lawyers have agreed.

**JURY INSTRUCTION NO. 4**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 5**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 6**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

# JURY INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## JURY INSTRUCTION NO. 8
### EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. 9**

**SUPPRESSION OF EVIDENCE**


If you should find that a party willfully destroyed evidence, you may consider such destruction in determining what inferences to draw from the evidence or facts in the case.

**JURY INSTRUCTION NO. 10**

**IMPEACHMENT EVIDENCE—WITNESS**


The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**JURY INSTRUCTION NO. 11**

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

    You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

**JURY INSTRUCTION NO. 12**

**SECTION 1983 – INTRODUCTORY INSTRUCTION**

Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

-13-

**JURY INSTRUCTION NO. 13**

**SECTION 1983 – CLAIM AGAINST CHRISTOPHER NANCE**


In order to prevail on his § 1983 claims against the defendant Christopher Nance, plaintiff must prove each of the following elements by a preponderance of the evidence:


1.      Christopher Nance acted under color of law; and


2.      The acts of the Christopher Nance deprived plaintiff of his particular rights under the United States Constitution as explained in later instructions.


A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Christopher Nance acted under color of law. If you find plaintiff has proved each of these elements, and if you find that plaintiff has proved all the elements he is required to prove to establish Nance's liability on the claims, or any of them, which are the subject of Instructions 16 – 25, your verdict should be for plaintiff on that claim or claims.  If, on the other hand, plaintiff has failed to prove any element of any claim, then your verdict should be for the defendant on that particular claim.

**JURY INSTRUCTION NO. 14**

**SECTION 1983 – CLAIM AGAINST BRETT BINDER**

In order to prevail on his § 1983 claims against defendant Brett Binder, plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    Brett Binder acted under color of law; and

2.    The acts of Brett Binder deprived plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Brett Binder acted under color of law.  If you find plaintiff has proved each of these elements, and if you find that plaintiff has proved all the elements he is required to prove to establish Binder's liability on the claims, or any of them, which are the subject of Instructions 16 – 25, your verdict should be for plaintiff on that claim or claims.  If, on the other hand, plaintiff has failed to prove any element of any claim, then your verdict should be for the defendant on that particular claim.

**JURY INSTRUCTION NO. 15**

**SECTION 1983 – CLAIM AGAINST JOHN STANLEY**

In order to prevail on his § 1983 claims against defendant John Stanley, plaintiff must prove each of the following elements by a preponderance of the evidence:

1.       John Stanley acted under color of law; and

2.       The acts of John Stanley deprived plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that John Stanley acted under color of law.  If you find plaintiff has proved each of these elements, and if you find that plaintiff has proved all the elements he is required to prove to establish Stanley's liability on the claim which is the subject of Instructions 19 – 20, 23, and 25, your verdict should be for plaintiff.  If, on the other hand, plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

-16-

**JURY INSTRUCTION NO. 16**

**SECTION 1983 — UNREASONABLE SEIZURE OF PERSON GENERALLY**

As previously explained, the plaintiff has the burden to prove that the acts of the defendant deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges, among other things, that Christopher Nance and Brett Binder arrested him without a warrant and without probable cause to believe he had committed a crime, and also alleges that Christopher Nance and Brett Binder used excessive force in carrying out the arrest.  The plaintiff alleges that by engaging in this conduct, the Christopher Nance, Brett Binder, or both of them, deprived him of his rights under the Fourth Amendment to the Constitution.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      Christopher Nance, or Brett Binder, or both, seized the plaintiff's person;

2.      In seizing the plaintiff's person, Christopher Nance, or Brett Binder, or both, acted intentionally; and

3.      The seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.  In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of

-17-

the circumstances, including

1. The number of officers present;
2. Whether weapons were displayed;
3. Whether the encounter occurred in a public or nonpublic setting;
4. Whether the officer's manner would imply that compliance would be compelled; and
5. Whether the officers advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, the plaintiff must prove the defendant meant to engage in the acts that caused a seizure of the plaintiff's person.  Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the seizure.

**JURY INSTRUCTION NO. 17**

**PROBABLE CAUSE TO ARREST**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under California law, it is a crime to resist arrest and to make criminal threats.  I will provide a separate instruction explaining the crime of resisting arrest.

# JURY INSTRUCTION NO. 18
## SECTION 1983 – EXCESSIVE FORCE

As I mentioned earlier, the plaintiff also claims that Brett Binder and Christopher Nance used excessive force when they seized him.  In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending himself and others.  Thus, in order to prove an unreasonable seizure in this case, plaintiff must prove by a preponderance of the evidence that Christopher Nance and Brett Binder used excessive force when they arrested plaintiff on October 3, 2009.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Christopher Nance and Brett Binder used excessive force in this case, consider all of the circumstances known to them, including:

1.      The severity of the circumstances to which they were responding;

2.      Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3.      Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

-20-

1       5.      The type and amount of force used; and

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1
2
3

**JURY INSTRUCTION NO. 19**

**MALICIOUS PROSECUTION**

4       The plaintiff also claims that Christopher Nance, Brett Binder, and John Stanley
5   violated his Fourth Amendment rights by initiating criminal proceedings against plaintiff
6   for resisting arrest, in violation of California Penal Code section 148.

7       To establish this claim of malicious prosecution, plaintiff must prove the following
8   five things by a preponderance of the evidence:

9

10   1.   Christopher Nance, Brett Binder, and John Stanley, or any of them, initiated
11        the criminal proceeding against plaintiff.

12   2.   Christopher Nance, Brett Binder, and John Stanley, or any of them, lacked
13        probable cause to initiate the proceeding.

14   3.   The criminal proceeding ended in plaintiff's favor.

15   4.   Christopher Nance, Brett Binder, and John Stanley, or any of them, acted
16        maliciously or for a purpose other than bringing plaintiff to justice.

17   5.   By instituting the criminal proceedings, Christopher Nance, Brett Binder,
18        and John Stanley, or any of them, intended to deprive plaintiff of a specific
19        constitutional right.

20

21   In this case, the first of these issues is not in dispute: the defendants admit that all three of
22   them initiated the criminal proceedings.

23

24       As to the second element of plaintiff's malicious prosecution claim, plaintiff must
25   prove that the defendants lacked probable cause to initiate the proceeding.  To determine
26   whether probable cause existed, you should consider whether the facts and circumstances
27   available to the defendants would warrant a prudent person in believing that plaintiff had

committed the crime of resisting arrest.  I will provide a separate instruction explaining the crime of resisting arrest.

As to the third element of the malicious prosecution claim, plaintiff must prove that the criminal proceedings terminated in his favor.  Here, the proceedings terminated against plaintiff pursuant to California Penal Code section 1382, because the state prosecutors did not timely bring the criminal proceedings against plaintiff to trial.  A termination of criminal proceedings for this reason satisfies the requirement of a favorable termination if it reflects the opinion of the prosecuting party that the action lacked merit or would result in a decision in favor of the defendant.

As to the fourth element of the malicious prosecution claim, plaintiff must prove that in initiating the proceeding, the defendants acted out of spite, or that the defendants did not themselves believe that the proceeding was proper, or that the defendants initiated the proceeding for a purpose unrelated to bringing plaintiff to justice.

As to the fifth element of the malicious prosecution claim, plaintiff must prove that the defendants intended to deprive plaintiff of a specific constitutional right by instituting the criminal proceedings.  Plaintiff has alleged that by instituting the criminal proceedings, defendants intended to deprive him of his right to be free of an unreasonable seizure of his person, in violation of the Fourth Amendment.  I instruct you that merely requiring plaintiff to show up for court appearances and obtain permission from the court prior to leaving the state is not a seizure within the meaning of the Fourth Amendment.

Even if you find that plaintiff has proven the elements of his malicious prosecution claim, the defendants assert that they are not liable on this claim because plaintiff was in fact guilty of the offense with which he was charged.  The fact that the charges against

-23-

plaintiff in the prior criminal case were dismissed does not bar the defendants from trying to prove that plaintiff was in fact guilty of the offense.  If you find that the defendants have proven by a preponderance of the evidence that plaintiff was actually guilty of the offense, then the defendants are not liable on plaintiff's malicious prosecution claim.

# JURY INSTRUCTION NO. 20
## RESISTING ARREST

To prove that plaintiff was guilty of the crime of resisting arrest in violation of California Penal Code section 148, a prosecutor would need to prove that:

1.      Christopher Nance and Brett Binder were peace officers lawfully performing or attempting to perform their duties as peace officers;

2.      Plaintiff willfully resisted, obstructed, or delayed Christopher Nance, Brett Binder, or both in the performance or attempted performance of those duties; and

3.      When plaintiff acted, he knew, or reasonably should have known, that Christopher Nance and Brett Binder were peace officers performing or attempting to perform their duties.

Someone commits an act willfully when he does it willingly or on purpose. It is not required that he intend to break the law, hurt someone else, or gain any advantage.

A person who is employed as a deputy by the Los Angeles County Sheriff's Department is a peace officer.

A peace officer is not lawfully performing his duties if he is unlawfully arresting or detaining someone or using unreasonable or excessive force in his duties.

# JURY INSTRUCTION NO. 21
## CRIMINAL THREATS

To prove that an individual is guilty of the crime of making criminal threats, in violation of California Penal Code section 422, it must be proven that:

1.     The individual willfully threatened to unlawfully kill or unlawfully cause great bodily injury to a victim;

2.     The individual made the threat orally, in writing, or by electronic communication device;

3.     The individual intended that his statement be understood as a threat, and intended that it be communicated to the victim;

4.     The threat was so clear, immediate, unconditional, and specific that it communicated to the victim a serious intention and the immediate prospect that the threat would be carried out;

5.     The threat actually caused the victim to be in sustained fear for his own safety or for the safety of his immediate family; and

6      The victim's fear was reasonable under the circumstances.

Someone commits an act willfully when he does it willingly or on purpose.

In deciding whether a threat was sufficiently clear, immediate, unconditional, and specific, consider the words themselves, as well as the surrounding circumstances.

Someone who intends that a statement be understood as a threat does not have to actually intend to carry out the threatened act or intend to have someone else do so.

1    Great bodily injury means significant or substantial physical injury. It is an injury
2  that is greater than minor or moderate harm.

3

4    Sustained fear means fear for a period of time that is more than momentary,
5  fleeting, or transitory.

6

7    An immediate ability to carry out the threat is not required.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# JURY INSTRUCTION NO. 22

## DUTY TO INTERVENE—EXCESSIVE FORCE AND UNLAWFUL ARREST

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officials in their presence.  I instruct you that an officer who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that excessive force is being used, or that a citizen has been unjustifiably arrested.  However, before an officer can be held liable for failure to intervene, you must find that the officer had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

To find Christopher Nance, Brett Binder, or both of them liable for failure to intervene to protect the constitutional rights of a citizen, you must conclude that the following elements have been met:

1.   That plaintiff was subjected to an unlawful arrest and detention, or the use of excessive force, or both;

2.   That Christopher Nance, Brett Binder, or both of them, observed those actions and knew they were unlawful;

3.   That Christopher Nance, Brett Binder, or both of them, had a realistic opportunity to intervene, as I have just described that phrase; and

4.   That Christopher Nance, Brett Binder, or both of them, failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

-28-

If you find that the plaintiff has met these four elements for any particular defendant, then that defendant is liable for any injuries that you conclude were a proximate result of the constitutional violation he failed to prevent.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**JURY INSTRUCTION NO. 23**

**DUTY TO INTERVENE—MALICIOUS PROSECUTION**

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officials in their presence.  I instruct you that an officer who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a citizen has been subjected to malicious prosecution.  However, before an officer can be held liable for failure to intervene, you must find that the officer had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

To find Christopher Nance, Brett Binder, and John Stanley, or any of them liable for failure to intervene to protect the plaintiff's right to be free from malicious prosecution, you must conclude that the following elements have been met:

1.      That plaintiff was subjected to malicious prosecution;

2.      That Christopher Nance, Brett Binder, and John Stanley, or any of them, observed the conduct that constituted the malicious prosecution and knew that the conduct was unlawful;

3.      That Christopher Nance, Brett Binder, and John Stanley, or any of them, had a realistic opportunity to intervene, as I have just described that phrase; and

4.      That Christopher Nance, Brett Binder, and John Stanley, or any of them, failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

If you find that the plaintiff has met these four elements for any particular

-30-

1  defendant, then that defendant is liable for any injuries that you conclude were a

2  proximate result of the constitutional violation he failed to prevent.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**JURY INSTRUCTION NO. 24**

**CAUSATION—EXCESSIVE FORCE AND UNLAWFUL ARREST**

In order to establish that the acts of the defendants Christopher Nance, Brett Binder, or both of them, deprived the plaintiff of his particular rights under the United States Constitution to be free from excessive force, unreasonable arrest, or both, as explained in earlier instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**JURY INSTRUCTION NO. 25**

**CAUSATION—MALICIOUS PROSECUTION**

In order to establish that the acts of the defendants Christopher Nance, Brett Binder, and John Stanley, or any of them, deprived the plaintiff of his particular right under the United States Constitution to be free from malicious prosecution, as explained in earlier instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

# JURY INSTRUCTION NO. 26
## QUALIFIED IMMUNITY

I have now completed my instructions to you on the elements of plaintiff's Section 1983 claims. If you find that the plaintiff has proved the elements of any or all of his Section 1983 claims against any or all of the defendants, you must proceed to consider whether any or all of the defendants are entitled to what the law calls "qualified immunity" for each claim that the plaintiff has proved.

If a defendant reasonably believed that his conduct was lawful, and acted on the basis of this belief, then his reasonable belief would entitle him to the defense of qualified immunity even though, in fact, his conduct was not lawful. Put another way, even if you find that a defendant violated plaintiff's constitutional rights, that particular defendant is entitled to the defense of qualified immunity if he reasonably believed at the time he acted that his actions were in accordance with the law. But keep in mind that this reasonableness inquiry is an objective one. The question is whether a reasonable officer under those circumstances would believe that he had a reasonable basis for acting as he did. The fact that a defendant acted with subjective good faith does not entitle the defendant to the protection of qualified immunity.

If you find that any particular defendant is entitled to qualified immunity for a particular claim, you may not find him liable for that claim. If, however, you find that the particular defendant is not entitled to qualified immunity with respect to that claim, you may proceed to consider the issue of damages.

-34-

# JURY INSTRUCTION NO. 27
## DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff on any of plaintiff's claims you must determine plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by defendants.  You should consider the following:

1. The nature and extent of the injuries;
2. The mental, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.
3. The reasonable value of necessary medical care, treatment, and services received to the present time

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 28**

**SECTION 1983 — MALICE—EXCESSIVE FORCE AND UNLAWFUL ARREST**

If you find that Christopher Nance, Brett Binder, or both of them, unlawfully arrested plaintiff, subjected plaintiff to excessive force, or both, you must determine whether their actions in doing so were malicious, oppressive, or in reckless disregard of plaintiff's constitutional rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff.

Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights or if Christopher Nance, Brett Binder, or both of them acted in the face of a perceived risk that their actions will violate plaintiff's rights under federal law.

An act is oppressive if the defendant injures or damages or otherwise violates the rights of plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of plaintiff.

**JURY INSTRUCTION NO. 29**

**SECTION 1983 — MALICE—MALICIOUS PROSECUTION**

If you find that Christopher Nance, Brett Binder, and John Stanley, or any of them, unlawfully instituted criminal proceedings against plaintiff, you must determine whether their actions in doing so were malicious, oppressive, or in reckless disregard of plaintiff's constitutional rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff.

Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights or if Christopher Nance, Brett Binder, and John Stanley, or any of them, acted in the face of a perceived risk that their actions will violate plaintiff's rights under federal law.

An act is oppressive if the defendant injures or damages or otherwise violates the rights of plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of plaintiff.

**JURY INSTRUCTION NO. 30**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 31**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 32**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

# JURY INSTRUCTION NO. 33

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone else, including members of your family, people involved in the trial, your employer, or anyone else; this includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, web site or other feature. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

-41-

**JURY INSTRUCTION NO. 34**

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.