UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145-CAS (SHx) | | Date | August 20, 2013 |
|---|---|---|---|---|
| Title | TROY J. DUGAN V. CHRISTOPHER NANCE, ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS): PLAINTIFF'S SUPPLEMENTAL BRIEFING
REGARDING OTHER ACTS EVIDENCE AND PROPOSED
JURY INSTRUCTIONS (Docket #205, filed August 16, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed.
R. Civ. P. 78; Local Rule 7-15. Accordingly, the matter is hereby taken under
submission.

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Troy Dugan filed this case in this Court on September 30, 2011, and filed
a First Amended Complaint ("FAC") on December 12, 2011. The remaining defendants'
in this action are Los Angeles County Sheriff's ("LACS") Deputy Brett Binder
("Binder"), former LACS Deputy Christopher Nance ("Nance"), and LACS Sergeant
John Stanley ("Stanley"). A jury trial in this matter on the issue of liability concluded on
August 5, 2013. A jury trial on the issue of punitive damages is scheduled to begin
today, August 20, 2013.

On August 16, 2013, plaintiffs filed supplemental briefing requesting the
admission of prior acts of defendants Binder and Nance. Plaintiff also proposed two jury
instructions. Pl. Supp. Br. 1-2, 7. Defendants filed an opposition on August 19, 2013.
After considering the parties' arguments, the Court finds that the prior acts evidence
should not be admitted, and declines to adopt plaintiffs' proposed jury instructions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145-CAS (SHx) | Date | August 20, 2013 |
|---|---|---|---|
| Title | TROY J. DUGAN V. CHRISTOPHER NANCE, ET AL. | | |

## II.    DISCUSSION

Evidence of similar prior acts by a defendant in an action under 42 U.S.C. § 1983 may be relevant to prove the reprehensibility of defendant's conduct, and therefore may be admissible on the issue of punitive damages.  BMW v. Gore, 517 U.S. 559, 576-77 (1996).  However, the Due Process Clause of the United States Constitution prohibits punitive damage awards that punish the defendant for harm caused to non-parties.  Philip Morris USA v. Williams, 549 U.S. 346, 353 (2007).  This subtle distinction is difficult implement in practice.  See 3 Martin A. Schwartz, Section 1983 Litigation § 13.06[B] (5th ed. 2012)(noting that "it is highly questionable whether the trial court will be able to formulate an effective instruction" that captures this concept).  Dissimilar prior acts of the defendant are not a proper basis for awarding punitive damages because the defendant "should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual."  State Farm Mutual Auto Ins. Co. v. Campbell, 538 U.S. 408, 422-23 (2003)

Here, plaintiff requests that evidence related to two prior incidents, one involving defendant Binder and another involving defendant Nance, be admitted to show the reprehensibility of those defendants' conduct in the case currently before the court.  Pl. Supp. Br. 3-6.  Plaintiffs cite State Farm, 538 U.S. at 423, for the proposition that "repeated misconduct is more reprehensible than an individual instance of malfeasance." In response, defendants cite the rule announced in Philip Morris, 549 U.S. at 353, that the Constitution prohibits the awarding of punitive damages based on the harm to non-parties.

The Court finds that it would be imprudent to admit the evidence proffered by plaintiff because of the practical difficulties raised by crafting a jury instruction that properly adheres to the Supreme Court's holding in Philip Morris, 549 U.S. at 353. Additionally, the Court concludes that the proffered evidence concerning defendant Nance is sufficiently dissimilar to the conduct at issue in this case that it is not relevant on the issue of reprehensibility.  See State Farm, 538 U.S. at 422-23.

Regarding plaintiff's proposed "modified version" of Ninth Circuit Model Civil Jury Instruction 5.5, the Court declines to adopt plaintiff's proposal insofar as it deviates from the Ninth Circuit Model Civil Jury Instructions.  Regarding plaintiff's proposal for an instruction at the "outset of the proceedings," Pl. Supp. Br. 6-7, the Court declines to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8145-CAS (SHx) | Date | August 20, 2013 |
|----------|---------------------|------|-----------------|
| Title | TROY J. DUGAN V. CHRISTOPHER NANCE, ET AL. | | |

adopt plaintiff's proposed instruction.  Rather, the Court intends to adhere to the Ninth Circuit Model Civil Jury Instructions.

### III.    CONCLUSION

Based on the foregoing, the Court hereby DENIES plaintiff's request to introduce evidence of defendants' prior acts, and DECLINES to adopt plaintiff's proposed jury instructions.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |