UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | | N/A | N/A |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

**Proceedings:**      **(In Chambers:)** PLAINTIFF'S MOTION FOR ATTORNEY
FEES (Dkt. #234, filed Jan. 7, 2014)

## I.      INTRODUCTION AND BACKGROUND

Plaintiff Troy Dugan filed this action on September 30, 2011.  Dkt. #1.  Plaintiff filed the operative first amended complaint ("FAC") on December 12, 2011.  Dkt. #9. The FAC asserted claims for violations of constitutional rights under 42 U.S.C. § 1983 against defendants Los Angeles County, the Los Angeles County Sheriff's Department ("LACS"), Los Angeles County Sheriff's Deputies Christopher Nance, and Brett Binder, Sergeant John Stanley, and other personnel employed by the Los Angeles County Sheriff's Department.  Id.

Following a stipulated dismissal of several defendants, the case was tried to a jury in July and August 2013 against Deputy Brett Binder ("Binder"), former LACS Deputy Christopher Nance ("Nance"), and LACS Sergeant John Stanley ("Stanley").  Plaintiff asserted claims for excessive force and unlawful arrest under 42 U.S.C. § 1983 against defendants Nance and Binder, and asserted a claim for malicious prosecution under 42 U.S.C. § 1983 against all three defendants.  Dkt. #200.  The jury returned a special verdict in favor of plaintiff, and awarded $850,000 in compensatory damages.  Id.  In a separate punitive damages phase of the trial, the jury awarded $50,000 against each defendant.  Dkt. #215.  By order dated December 16, 2013, the Court denied defendants' motions for judgment as a matter of law and for a new trial.  Dkt. #229.

Plaintiff filed a motion for attorney's fees on January 7, 2014.  Dkt. #234. Defendants filed an opposition on January 28, 2014, dkt. #239, and plaintiff replied on February 4, 2014, dkt. #242.  Plaintiff requests fees for the work of attorneys Todd Burns

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

and Gabriel Cohan, as well as non-taxable costs. The Court held a hearing on February 24, 2014, and thereafter took the matter under submission. After considering the parties' arguments, the Court finds and concludes as follows.

**II.     LEGAL STANDARD**

42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (internal quotations and citations omitted). In applying the "special circumstances" exception, the Court focuses on two factors: (1) whether allowing attorneys' fees would further the purpose of the statute and (2) whether the balance of equities favors or disfavors the denial of fees. Gilbert v. City of Westminster, 177 F.3d 839, 870 (9th Cir. 1999).

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461U.S. at 437. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party and submitted affidavits." Gates v. Gomez, F.3d 525, 534–35 (9th Cir. 1995).

The Court has an independent duty to determine whether the hours and hourly rates submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value, which is "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Hensley, 461 U. S. at 433. In Hensley, the Supreme Court set forth twelve factors that may be considered in determining both the lodestar value and a potential adjustment.[1]

---

[1] The twelve factors identified are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) whether accepting the case precluded the attorney from taking other work; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

Id. at 430. The lodestar amount is "presumptively the reasonable fee amount," and should be adjusted upward or downward by a multiplier in "rare" or "exceptional" cases only. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).[2]

## III.    DISCUSSION

### A.    Reasonable Hourly Rate

In determining a reasonable hourly rate, a court should look to the prevailing market rates in the relevant legal community.  Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010).  By multiplying this rate by the number of hours expended on the litigation, the fee award will "roughly approximate[] the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."  Id.  In determining a reasonable hourly rate, a district court should consider "the experience, skill, and reputation of the attorney requesting fees."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986); see also Moreno v. City of Sacramento, 534 F.3d 1106, 1114 (9th Cir. 2008) (factors to consider include the novelty and difficulty of the issues, the experience of counsel, and fee awards in similar cases).  In addition, "contingency cannot be used to justify a fee enhancement or an inflated hourly rate" above the prevailing market rate for paying clients.  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 947 (9th Cir. 2007) (citations omitted).

1.    Reasonable Hourly Rate for Todd Burns

Plaintiff's counsel requests that Burns be compensated at an hourly rate of $650. Mot. Att'y Fees at 6.  In support of this request, plaintiff's counsel supplies declarations from himself, Carol Sobel, Michael Marrinan, and Steven Hubacheck.  Id., Exs. A, D-E;

---

the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Hensley, 461 U.S. at 430 n.3.

[2] The parties do not argue in favor of a lodestar multiplier, nor does the Court find that one is appropriate in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

dkt. #235.  Burns states that he graduated from the University of Virginia School of Law in 1996, and thereafter clerked for Judge James B. Loken on the Eighth Circuit Court of Appeals.  Burns Decl. ¶¶ 7-8.  After clerking, he worked for one year at the firm of Wilson Sonsini Goodrich & Rosati in Palo Alto, California.  Id. ¶ 9.  He worked at the Federal Defenders of San Diego ("FDSDI") from 1998 to 2011, serving as lead or sole counsel on "over a thousand" felony cases.  Id. ¶ 10.[3]  He also held supervisory positions at FDSDI.  Id.  Burns left FDSDI in 2011 because he wished to expand his practice to include civil rights litigation.  Id. ¶ 11.  Burns has tried "approximately [40]" criminal cases in federal court, id. ¶ 13, and has served as lead or sole counsel in "over 50" appeals in the Ninth Circuit Court of Appeals, id. ¶ 14.  Burns estimates that he has litigated Fourth Amendment-related issues in the federal courts in "over 150" cases.  Id. ¶ 17.

Sobel is a former Senior Staff Counsel at the American Civil Liberties Union, and has maintained a private civil rights practice since 1997.  Sobel Decl. ¶ 2.  She has twice been qualified as an expert to testify at trial as to issues in non-profit legal practice, id. ¶ 4, and prepared "numerous" motions for attorney's fees while employed by the ACLU, id. ¶ 7.  Sobel is of the opinion that the rate sought by Burns is "well within the range of reasonable market rates for attorneys of comparable skill, experience, and reputation."  Id. ¶ 9.  Sobel's opinion is grounded "in large part" on fee awards in other cases in the Central District of California, including Communities Actively Living v. City of Los Angeles, 09-cv-00287-CBM-RZx (C.D. Cal. June 10, 2013), dkt. #255, in which Judge Marshall awarded fees at an hourly rate of $665 to a 1999 law graduate.  Id. ¶ 10.

Michael Marrinan graduated from law school in 1979, and began his career at FDSDI.  Marrinan Decl. ¶¶ 2-3.  He entered private practice in San Diego in 1985, and his practice since then has focused on "criminal defense and civil litigation involving police misconduct and civil rights."  Id. ¶ 4.  He has tried "over 100" cases, and has handled "more than 200" civil rights cases.  Id. ¶ 5.  Marrinan states that he has known Burns since 2007, and he believes Burns to be a "highly skilled trial lawyer who has a wealth of experience litigating Constitutional issues, including in the Fourth Amendment context."  Id. ¶ 10.  He is of the opinion that $650 reflects the prevailing market rate for attorneys of comparable skill and experience to Burns.  Id.

---

[3] FDSDI is the "equivalent of a public defender['s] office."  Marrinan Decl. ¶¶ 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

Steven Hubacheck is of counsel at the firm of Robbins Geller Rudman & Dowd LLP in San Diego. Hubacheck Decl. ¶ 1. He graduated from law school in 1987, and began working at FDSDI in 1989. Id. ¶ 5. During his time at FDSDI, he served as lead counsel in "hundreds of district court cases and appeals," and tried "approximately thirty" cases. Id. He has argued "over [100] appeals," including three in the United States Supreme Court. Id. ¶ 6. Hubacheck states that he supervised Burns during his time at FDSDI, and "worked closely with him on several cases." Id. ¶ 9. Hubacheck is of the opinion that Burns is the best trial lawyer to have worked at FDSDI in the last thirty years, and that he is highly regarded among the members of the federal criminal defense bar in San Diego. Id. ¶¶ 10, 12.

Defendants respond that Burns has not established that $650 is a reasonable hourly rate because he does not provide evidence of prior experience litigating civil rights cases. Opp. Mot. Att'y Fees at 2-3. Defendants provide a declaration from Robert Bruning, a partner at the law firm of Cooper & Bruning, LLP in Pasadena, California. Bruning graduated from law school in 1977, and specializes in serving as an expert witness in litigation matters involving fee disputes. Bruning Decl. ¶ 2. He has experience with business litigation, including tort and contractual disputes. Id. ¶ 3. Bruning is of the opinion that $650 is not a reasonable hourly rate due to Burns' lack of experience as a civil rights attorney. Id. ¶¶ 14-15. Bruning also states that Burns' "guaranteed" hourly rates for federal appellate work in the Ninth Circuit and Criminal Justice Act ("CJA") panel work would have been approximately $185 and $125, respectively. Id. ¶ 16. Based on his research, Bruning is of the opinion that "the rates which fee paying clients would actually pay to reasonable competent attorneys" in the Los Angeles area fall between $275 and $475 per hour. Id. ¶¶ 26-27. Bruning therefore opines that $375 is a reasonable hourly rate for Burns. Id. ¶ 27.

After reviewing the declarations submitted by the parties, the Court finds that $650 is a reasonable hourly rate for Burns. The Court reaches this conclusion because, while Burns was an inexperienced civil rights attorney at the time that this case was litigated, see Burns Decl. ¶ 11, he was an experienced trial lawyer and was familiar with Fourth Amendment doctrine, Burns Decl. ¶ 17, which was the area of law governing plaintiff's claims for excessive force and unlawful arrest. It is therefore appropriate that Burns should be compensated at an hourly rate that reflects his Fourth Amendment knowledge and trial experience. $650 properly reflects these considerations because it is consistent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

with awards to experienced trial lawyers.[4]  See Contreras v. City of Los Angeles, 2013 WL 1296763, at *3 (C.D. Cal. Mar. 28, 2013) (setting hourly rate of $675 for experienced civil rights attorney who tried case in 2012); Allen v. City of Los Angeles, et al., 10-cv-4695-CAS-RCx, dkt. #133, at 29 (C.D. Cal. Nov. 19, 2012) (setting hourly rate of $575 for experienced trial lawyer with unsubstantiated civil rights experience); Perrin v. Goodrich, 2012 WL 1698296, at *6 (C.D. Cal. May 24, 2012) (setting hourly rate of $500 for experienced civil rights attorney who tried case in 2011); Vasquez v. Rackauckas, 2011 WL 3320482, at *2 (C.D. Cal. July 29, 2011) (setting hourly rate of $600 for ACLU attorney who graduated from law school in 1994); Rauda v. City of Los Angeles, 2010 WL 5375958, at *6 (C.D. Cal. Dec. 20, 2010) (setting hourly rates of $650, $590, and $525, respectively for three attorneys who tried case in 2010).

The Court is unpersuaded by the Bruning Declaration's discussion of hourly rates because it applies an incorrect legal standard—focusing on the "rates which fee paying clients would actually pay to reasonabl[y] competent attorneys to handle such a matter in the general Los Angeles area"—rather than taking into account the actual "experience, skill, and reputation of the attorney requesting fees."  Compare Bruning Decl. ¶ 26 with Chalmers, 796 F.2d at 1210.  Moreover, the cases relied on by Bruning are older cases that do not reflect current market rates.  See Bruning Decl. ¶ 24.  The Court is more persuaded by the most recent cases decided in this District.

2. Reasonable Hourly Rate for Gabriel Cohan

According to plaintiff's counsel, Cohan performed work on this case suitable for an attorney and also other work appropriately charged as paralegal work.  Cohan seeks compensation at the hourly rate of $390 for the work that he performed as an attorney, and $190 for the work that he performed as a paralegal.  The Court addresses each hourly rate in turn.

Cohan requests that he be compensated at an hourly rate of $390 for work that he performed as counsel.  Mot. Att'y Fees at 7-8.  In support of this request, Cohan provides

---

[4] This conclusion is bolstered by the fact that, as stated above, Sobel believes this rate to be reasonable based on her examination of fee awards in similar cases in this district.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

his own declaration, the Sobel Declaration, and declarations from Paul Hoffman, Shereen Charlick, and Todd Burns. Mot. Att'y Fees at 7-8, Exs. A, G-H; dkt. #235. Cohan graduated from the California Western School of Law in 2008, and was hired as a trial attorney for FDSDI immediately after graduating from law school. Cohan Decl. ¶¶ 7, 10. Cohan left the FDSDI in 2011 to assist his father with his law practice and also because Burns invited him to become Burns' law partner. Id. ¶ 11. Prior to attending law school, Cohan worked as a paralegal and a contractor for several years, assisting CJA counsel and FDSDI counsel, including Burns. Id. ¶¶ 8-9. Burns states that Cohan was well regarded as an attorney at the FDSDI. Burns Decl. ¶ 28. Cohan's supervisor at FDSDI, Chief Trial Attorney Shereen Charlick, states that Cohan is an "extraordinarily conscientious attorney" who, at FDSDI, "performed legal work with skills and ability beyond his number of years of experience" since graduating from law school. Charlick ¶ 4.

Sobel states that 2007 and 2008 law school graduates have been awarded fees at hourly rates ranging from $385 to $450, and on that basis opines that $390 is a reasonable hourly rate for Cohan. Sobel Decl. ¶¶ 11-15. Paul Hoffman, a partner in the firm of Schonbrun DeSimone Seplow Harris & Hoffman LLP, states that the firm's "standard rate" for a 2008 law school graduate is between $400 and $450 dollars. Hoffman Decl. ¶¶ 3-4. Hoffman states that he periodically reviews prevailing hourly rates in the legal community, and believes that his firm's hourly rate structure is consistent with the "general level of hourly rates charged for general civil litigation by comparable firms practicing in Los Angeles." Id. ¶ 6. Defendants do not provide evidence or argument that specifically responds to Cohan's hourly rate request, other than Bruning's opinion that $275 would be a reasonable hourly rate for Cohan based on Bruning's "survey and research." Bruning Decl. ¶ 27. In light of the fact that the rate requested for Cohan's work as an attorney is within the range identified by the Sobel declaration, and is slightly below the rate set forth in the Hoffman declaration, the Court finds that $390 is a reasonable hourly rate for Cohan.

Plaintiff's counsel also seek fees for the paralegal work performed by Cohan at an hourly rate of $190. Mot. Att'y Fees at 8. In support of this request, plaintiff's counsel cite the Sobel Declaration, which cites recent awards of paralegal fees at hourly rates ranging from $170 to $250. Sobel Decl. ¶ 16. Bruning asserts that $150 is an appropriate hourly rate for this paralegal work, but does not appear to provide any support for his assertion. See Bruning Decl. ¶ 27. Based on the cases cited in the Sobel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
| --- | --- | --- | --- |
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

Declaration, and in light of the lack of contradictory evidence in the Bruning Declaration, the Court finds that $190 is a reasonably hourly rate for Cohan's paralegal work. See, e.g., Vasquez, 2011 WL 3320482, at *2 (awarding fees to ACLU paralegals at rates of $165 to $200 per hour).

### B.    Reasonable Hours

Plaintiff's counsel contend that Burns reasonably expended 796.3 hours on this case, and that Cohan reasonably spent 698.1 hours on this case as an attorney, and 41.7 hours as a paralegal. Mot. Att'y Fees at 6-8; Burns Decl.; Cohan Decl. The Court finds that these hours are reasonable as a general matter, based on the fact that this case was sharply contested and involved substantial motion practice as to discovery matters, pre-trial motions, and post-trial motions. E.g., Burns Decl. ¶¶ 19-23.

Defendants do not challenge the reasonableness of the hours expended as a whole, but instead challenge specific blocks of hours. The Court addresses each of these challenges in turn.

### 1.    Hours Expended During Travel to and from San Diego

Defendants argue that plaintiff's counsel should not be awarded fees for time spent traveling to and from San Diego, where plaintiff's counsel's office is located, because plaintiff has made no showing that Los Angeles-based counsel was unavailable. Opp. Mot. Att'y Fees at 4-5 (citing Fantasy v. Fogerty, 1995 WL 261504, at *6 (N.D. Cal. May 2, 1995)). According to defendants, plaintiff's counsel expended 152.8 hours traveling to and from San Diego, which increased plaintiff's counsel's total fee request by $49,820.00, when calculated at the rates proposed by Bruning. Bruning Decl. ¶ 29; Ex. G. Plaintiff's counsel respond that plaintiff lives in Moreno Valley, Riverside, and that plaintiff should be provided some leeway in choosing his counsel. Reply Mot. Att'y Fees at 17. Additionally, plaintiff's counsel argue that substantial travel time would have been billed even if their offices were located in Los Angeles County due to the size of the county and pervasive traffic. Id.

While the Court agrees that billing for a certain portion of travel time is permissible, see, e.g., Doran v. Del Taco, Inc., 2005 WL 3560648, at *1-2 (C.D. Cal. June 9, 2005); Cotton v. City of Eureka, 889 F. Supp. 2d 1154, 1177 (N.D. Cal. 2012),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

the Court finds that plaintiff's counsel should not be permitted to bill all hours spent traveling to and from San Diego because plaintiff has not made a showing that local counsel was unavailable to handle this case. See Fantasy, 1995 WL 261504, at *6 (citing Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992)). Rather, plaintiff's counsel should be permitted to bill travel time that would have been expended if their offices were based within the Central District of California. According to the Bruning Declaration, Burns expended 78 hours on travel, and Cohan expended 74.8 hours on travel. Bruning Decl., Ex. G. These hours are comprised primarily of entries of between two and three hours expended for travel from San Diego to Los Angeles in order to appear in court, conduct investigation, or participate in other proceedings. Id. The Court finds that these hours should be reduced by 50 percent in order to account for the extra time spent traveling from San Diego, as opposed to Orange County, Los Angeles County, or Riverside County. A further reduction is not warranted in light of the fact that counsel could easily have spent one hour or more traveling each direction from a location within the Central District of California to the Courthouse located on Spring Street in downtown Los Angeles, or to other locations in Los Angeles County. Accordingly, the Court finds that the hours expended on travel should be reduced by 39 with respect to Burns, and 37.4 with respect to Cohan.

        2.     Clerical Tasks

Defendants contend that plaintiff's counsel unreasonably expended 28.6 hours on "clerical tasks," which, according to Bruning, are not a permissible component of a fee request. Bruning Decl. ¶ 30, Ex. H. Plaintiff's counsel respond that some of these entries reflect paralegal tasks performed by Cohan, and others reflect trial preparation tasks. Reply Mot. Att'y Fees at 19 (citing Cohan Reply Decl. ¶ 4). After reviewing the entries identified by Bruning, the Court concludes that the hours billed by Cohan for paralegal work should be reduced by 2.7 hours to account for "purely clerical or secretarial tasks" that he performed. See Davis v. City and County of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345. Additionally, 0.1 hours should be deducted from the time billed by Cohan for time billed as an attorney for "mail[ing] copy of complaint and related case initiation filings to client." Bruning Decl., Ex. H, at 1. These hours are not a permissible component of a fee request because they were expended on the mailing, filing, serving, and photocopying of documents. See Bruning Decl., Ex. H; Davis, 976 F.2d at 1543 (describing "filing of pleadings" as a clerical task that should not be included in hours reasonably expended in a lodestar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

calculation).  The other hours identified by Bruning appear to have been reasonably expended by Cohan performing paralegal tasks or trial preparation tasks.  See Bruning Decl., Ex. H; Cohan Reply Decl. ¶ 4; Missouri v. Jenkins, 491 U.S. 274, 288 (1989) (approving of awarding paralegal fees under 42 U.S.C. § 1988).

> 3.      Vague Entries

Defendants argue that entries totaling 16.05 hours are too vague to form the basis for a fee award.  Bruning Decl. ¶ 31, Ex. I.  The Court has reviewed these entries.  While some of them are not exceedingly clear, they are nonetheless sufficiently specific in order to determine the "general subject matter of [plaintiff's counsel's] time expenditures."  See Davis, 976 F.2d at 1542.  The Court therefore declines to exclude these hours from the lodestar calculation.

**C.      Non-Taxable Costs**

In addition to taxable costs recoverable under 28 U.S.C. § 1920, which are addressed in plaintiff's separate application to the Clerk of Court, a prevailing party may recover "out-of-pocket expenses that would normally be charged to a fee paying client." See Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005).  Defendants object to several items included in plaintiff's counsel's fee request as non-taxable costs.  The Court addresses each item in turn.

> 1.      Expert Witness Fees

Defendants object to fees totaling $5,930.66 arising from plaintiff's retention of police practices expert Roger Clark.  Opp. Mot. Att'y Fees at 6-7.  Plaintiff's counsel do not object to cutting this amount from their fee request.  Reply Mot. Att'y Fees at 23. The Court therefore reduces the total fee request by $5,930.66.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

2.      Hotel, Mileage, and Meal Expenses

Defendants object to $5,800.22 in hotel charges, $2,689.39 in mileage expenses, and $591.16 in meal expenses on the grounds that such expenses would not have been incurred if plaintiff had hired local counsel.  Opp. Mot. Att'y Fees at 7-8; Bruning Decl. ¶ 32, Ex. J.  According to the Bruning Declaration's itemized list of hotel charges, the $5,800.22 figure consists of approximately 19 individual charges, ranging in size from $79.91 for hotel room expenses from "trial prep meetings with client" to $906.28 for a hotel room during the second through fifth trial days.  Id. Ex. J.  The nightly rate for each hotel room appears to have been less than $200 for all of these hotel charges.  The Court declines to reduce the hotel charges because the nightly rate appears reasonable, and the expenses were incurred during trial, depositions, or settlement conferences.[5]  Even if plaintiff's counsel had offices in Los Angeles, it would have been reasonable for them to arrange to stay in a hotel near the courthouse during trial or multi-day depositions.  Moreover, the expense of staying in a hotel is partially offset by the travel time that was saved, and therefore not included in the lodestar calculation.  The Court similarly declines to reduce the amount requested for meal expenses because such expenses would have likely been incurred regardless of whether plaintiff's counsel was based in Los Angeles.  However, the Court will reduce mileage expenses by 50%, or $1,344.70, to comport with the corresponding 50% reduction in hours expended on travel.

3.      Miscellaneous Expenses

Defendants object to $335.34 spent on court attire for plaintiff.  Opp. Mot. Att'y Fees at 8.  Plaintiff's counsel does not object to eliminating this expense.  Reply Mot. Att'y Fees at 22-23.  The Court will therefore reduce the total fee request by $335.34.

---

[5] At oral argument, the Court inquired about a $652.17 hotel expense that was incurred on March 20, 2013, and is described as "Hotel rooms expense re settlement conf."  Bruning Decl. Ex. J.  Plaintiff's counsel represented that this expense was incurred because plaintiff's counsel arrived in Los Angeles the night before the settlement conference and stayed in a hotel.  The Court concludes that this expense is reasonable because, even if plaintiff's counsel lived in Los Angeles, they could have reasonably decided to spend the previous night in a hotel in light of the overall size of the Los Angeles metropolitan area and the resulting lengthy travel times.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|----------|----------------------|------|---------------|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

Defendants also object to $43.94 for the purchase of a camping chair. Opp. Mot. Att'y Fees at 8. The Court finds that the $43.94 paid for the purchase of a camping chair is not a reasonable expense because, even if used at trial, it was not necessary to prosecute the case.

### D.    Fees on Fees

Plaintiff's counsel state that Cohan expended 11.6 hours and Burns expended 39.8 preparing the present motion, and also incurred $90.82 in additional expenses. Reply Mot. Att'y Fees at 24-25, Exs. B-D. At oral argument, defense counsel objected to the inclusion of .8 hours that appeared to have been expended by Cohan on the preparation of the appeal in this matter. Plaintiff's counsel agreed that, to the extent that the billing records reflect that this time was expended in preparing the appeal, it should not be included in the instant fee request. The Court has examined the billing records provided in support of plaintiff's counsel's fees on fees request, and concludes that defense counsel is correct that 0.8 hours was expended by Cohan in preparing the appeal, and not the instant fee request. See Reply Mot. Att'y Fees, Ex. C. Accordingly, the Court reduces Cohan's total hours by 0.8. Defense counsel also objected at oral argument to 0.9 hours that appeared to have been expended by Cohan in preparing the bill of taxable costs. The Court finds that this time is properly included in this fee request because it appears to be the practice of courts in this circuit to permit recovery of such fees. E.g., Quesnoy v. Or. Dep't of Corrections, 2012 WL 1155832, at *4 (D. Or. April 6, 2012).

Accordingly, the hours expended in preparing this motion appear to be reasonable (with the exception of the aforementioned 0.8 hours), and the Court will therefore include 10.8 hours for Cohan, 39.8 hours for Burns, and $90.82 in expenses in calculating the total fee award. See, e.g., Thompson v. Gomez, 45 F.3d 1365, 1366 (9th Cir. 1995) (noting that fees recoverable under 42 U.S.C. § 1988 include "fees incurred while pursuing merits fees").

## IV.    CONCLUSION

In accordance with the foregoing, plaintiff's motion for attorney fees is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded a total of **$803,237.37**, which is comprised of **$787,371.00** in fees, and **$15,866.37** in non-taxable costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS-SHx | Date | March 3, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

This award consists of the following amounts:

<u>Merits Fees</u>

| | |
|---|---|
| Cohan (as attorney) | 660.6 hours x $390=$257,634 |
| Cohan (as paralegal) | 39 hours     x $190=$7,410 |
| Burns | 757.3 hours x $650=$492,245 |

<u>Merits Expenses</u>

$15,775.55

<u>Fees on Fees</u>

| | |
|---|---|
| Cohan (as attorney) | 10.8 hours  x $390=$4,212 |
| Burns | 39.8 hours  x $650=$25,870 |

<u>Expenses Incurred for Fees Motion</u>

$90.82

IT IS SO ORDERED.

|          | 00 | : | 00 |
|----------|----|---|----|
| Initials of Preparer | IM | | |