UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-08145-CAS(SHx) | Date | May 2, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                           Not Present

**Proceedings:**  (In Chambers:) DEFENDANTS' MOTION TO STAY EXECUTION OF JUDGMENT (Dkt. #265, filed April 29, 2014)

(In Chambers:) DEFENDANTS' EX PARTE APPLICATION TO STAY EXECUTION OF JUDGMENT (Dkt. #266, filed April 29, 2014)

The Court finds defendant's motion to stay execution of the judgment, dkt. #265, appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 2, 2014, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Troy Dugan filed this action on September 30, 2011. Dkt. #1. Plaintiff filed the operative first amended complaint ("FAC") on December 12, 2011. Dkt. #9. The FAC asserted claims for violations of plaintiff's constitutional rights under 42 U.S.C. § 1983 against defendants Los Angeles County, the Los Angeles County Sheriff's Department ("LACS"), Los Angeles County Sheriff's Deputies Christopher Nance, and Brett Binder, Sergeant John Stanley, and other personnel employed by the Los Angeles County Sheriff's Department. Id.

Following a stipulated dismissal of several defendants, including Los Angeles County, the case was tried to a jury in July and August 2013 against Deputy Brett Binder ("Binder"), former LACS Deputy Christopher Nance ("Nance"), and LACS Sergeant John Stanley ("Stanley"). Plaintiff asserted claims for excessive force and unlawful arrest under 42 U.S.C. § 1983 against defendants Nance and Binder, and asserted a claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS(SHx) | Date | May 2, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

for malicious prosecution under 42 U.S.C. § 1983 against all three defendants. Dkt. #200. The jury returned a special verdict in favor of plaintiff, and awarded $850,000 in compensatory damages. Id. In a separate punitive damages phase of the trial, the jury awarded $50,000 against each defendant. Dkt. #215. By order dated December 16, 2013, the Court denied defendants' motions for judgment as a matter of law and for a new trial. Dkt. #229.

On April 29, 2014, defendants filed a motion to stay execution of the judgment in this case during the pendency of the appeal, without being required to post a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d). Dkt. #265. This motion is scheduled for hearing on June 2, 2014. Also on April 29, 2014, defendants filed an ex parte application to stay execution of the judgment until their motion is heard in June. Dkt. #266. Plaintiff filed an opposition on May 1, 2014. Dkt. #270. After considering the parties' arguments, the Court finds and concludes as follows.

**II. DISCUSSION**

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, an appellant can stay execution of a money judgment by posting a supersedeas bond. See Fed. R. Civ. P. 62(d). Rule 62(d) provides, in relevant part, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal." Fed. R. Civ. P. 62(d). The stay becomes effective when the court approves the bond. Id. "The purpose of a supersedeas bond is to secure the appellee[] from a loss resulting from the stay of execution." Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). Thus, a district court may exercise its discretion to waive the bond requirement if "the defendant's ability to pay is so plain that the cost of the bond would be a waste of money." Cotton ex rel. McClure v. City of Eureka, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012).

Defendants argue that execution of the judgment should be stayed without the posting of a bond because Los Angeles County, which is not a party defendant, plainly has the ability to pay any judgment against defendants. Mot. Stay Exec. J. at 5. The Court finds this argument unpersuasive. Here, defendants represent that they "have no funds to post any bond, or to satisfy any judgment." Day Decl. ¶ 6. Defendants appear to presume that Los Angeles County will indemnify them for the entirety of the judgment in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08145-CAS(SHx) | Date | May 2, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

this case.  However, the only representation provided by Los Angeles County is that it "will be able to satisfy" the judgment in favor of plaintiff.  Kikkawa Decl. ¶ 3.  The County provides no assurance that it will in fact pay the entirety of the judgment if it is upheld on appeal.[1]  Given that the purpose of a supersedeas bond is to secure the appellee from a loss resulting from a stay of execution of the judgment, see Rachel, 831 F.2d at 1505 n.1, the Court finds that defendants have not set forth good cause to support a waiver of the bond requirement.

### IV.    CONCLUSION

In accordance with the foregoing, defendants' motion to stay execution of the judgment without the posting of a supersedeas bond is DENIED.

Additionally, since the Court finds that waiver of the requirement of posting such a bond is not appropriate, defendants' ex parte application is also DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[1] Indeed, plaintiff represents that he previously offered to stipulate to a stay of the execution of the judgment pending appeal, without a bond, in exchange for an assurance from Los Angeles County that it would be responsible for paying all sums owed by defendants.  According to plaintiff, the County provided no such assurance.