UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:11-cv-08145-CAS-SHx | Date | July 2, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers:) DEFENDANTS' EX PARTE APPLICATION TO STAY EXECUTION OF JUDGMENT (Dkt. #280, filed June 30, 2014)

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Troy Dugan filed this action on September 30, 2011. Dkt. #1. Plaintiff filed the operative first amended complaint ("FAC") on December 12, 2011. Dkt. #9. The FAC asserted claims for violations of plaintiff's constitutional rights under 42 U.S.C. § 1983 against defendants Los Angeles County, the Los Angeles County Sheriff's Department ("LACS"), Los Angeles County Sheriff's Deputies Christopher Nance, and Brett Binder, Sergeant John Stanley, and other personnel employed by the Los Angeles County Sheriff's Department. Id.

Following a stipulated dismissal of several defendants, including Los Angeles County, the case was tried to a jury in July and August 2013 against Deputy Brett Binder ("Binder"), former LACS Deputy Christopher Nance ("Nance"), and LACS Sergeant John Stanley ("Stanley"). Plaintiff asserted claims for excessive force and unlawful arrest under 42 U.S.C. § 1983 against defendants Nance and Binder, and asserted a claim for malicious prosecution under 42 U.S.C. § 1983 against all three defendants. Dkt. #200. The jury returned a special verdict in favor of plaintiff, and awarded $850,000 in compensatory damages. Id. In a separate punitive damages phase of the trial, the jury awarded $50,000 against each defendant. Dkt. #215. By order dated December 16, 2013, the Court denied defendants' motions for judgment as a matter of law and for a new trial. Dkt. #229.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:11-cv-08145-CAS-SHx | Date | July 2, 2014 |
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

On June 30, 2014, defendants filed an ex parte application to stay execution of the judgment. Dkt. #280. Plaintiff filed an opposition on July 2, 2014. Dkt. #284. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

### A.   The Supersedeas Bond

Los Angeles County has presented a supersedeas bond to the Court in the amount of $2,076,861.59, on behalf of defendants. Dkt. #282 ("Day Decl.") ¶¶ 2-3. The bond is intended to cover the award of compensatory damages in this case, but not the $150,000 punitive damages award. Id. ¶¶ 3-4. Plaintiff raises the following objection to the adequacy of the bond:

> It appears from the materials submitted to the Court that the proposed surety is Fidelity and Deposit Company of Maryland. . . . Despite this, the bond says that Fidelity "does hereby . . . undertake that if the said judgment so appealed from, or any part thereof, be affirmed, the said County of Los Angeles, will, on behalf of Defendants . . . pay the amount directed to be paid by said judgment . . . ." . . . Thus, the bond says that the County of Los Angeles will pay the judgment, rather than the named surety for whom a power of attorney has been filed with the Clerk.

Dkt. #284 at 14. This objection is overruled because the language used in the supersedeas bond appears to be appropriate.[1] Accordingly, the Court will approve the bond by signing the proposed order submitted by defendants.

---

[1] Plaintiff also argues that the bond is deficient because the accompanying attorney certification does not comply with the Local Rules. Dkt. #214 at 14. The Court finds that the attorney certification is adequate because attorney Douglas Day attests that the bond "has been examined pursuant to Local Rule 65-3 and is recommended for approval." See L.R. 65-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:11-cv-08145-CAS-SHx | Date | July 2, 2014 |
|---|---|---|---|
| Title | TROY J. DUGAN V. COUNTY OF LOS ANGELES, ET AL. | | |

### B. The Punitive Damages Portion of the Judgment

Defendants also contend that this Court should stay execution of the judgment as to the punitive damages portion of the award, without requiring that defendants post a supersedeas bond. Defendants argue that a stay is appropriate because they intend to argue on appeal that the punitive damages award is excessive. Defendants further argue that, if plaintiff is able to execute the judgment now, defendants may have to "undertake a course of conduct which would render their subsequent appellate challenges moot based on their inability to collateralize the bond at this time." The Court finds this argument unpersuasive because defendants do not explain what that "course of conduct" might be. Nor do they explain how their appeal could be rendered moot if plaintiff is able to execute the judgment as to the punitive damages award. Accordingly, the Court finds that defendants have not set forth an adequate basis for staying execution of the punitive damages portion of the judgment without the posting of a bond.

### C. Sanctions

Plaintiff requests that defendants be ordered to show cause why they should not be sanctioned for their conduct associated with plaintiff's efforts to execute the judgment, including abuse of the ex parte process. The Court finds that sanctions are not warranted at this time. However, the parties are reminded that ex parte applications are disfavored. Accordingly, all subsequent filings in this action should proceed by noticed motion.

### III. CONCLUSION

In accordance with the foregoing, defendants' ex parte application is DENIED. However, this denial is without prejudice to the application being renewed in conjunction with: (1) a showing that execution of the punitive damages portion of the judgment would result in defendants suffering irreparable harm; and (2) appropriate assurances from defendant that they will not dissipate their assets during the pendency of the appeal. See, e.g., Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 874 (10th Cir. 1986); Fed. Prescription Serv. v. Am. Pharmaceutical Ass'n, 636 F.2d 755, 758 (D.C. Cir. 1980).

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |